# LEE *v.* CHESAPEAKE & OHIO RAILWAY COMPANY.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR
THE EASTERN DISTRICT OF KENTUCKY.

No. 422. Argued January 5, 1923.—Decided January 22, 1923.

1. A case which, by virtue of the diverse citizenship of the parties, falls within the general jurisdiction of the District Courts as conferred by Jud. Code, § 24, is within the general jurisdiction of a District Court sitting in a State of which neither party is a citizen. P. 654.

2. The clause of Jud. Code, § 51, providing that such suits shall be brought only in the District Court in the district of the residence of either the plaintiff or the defendant does not limit the general jurisdiction created by § 24, or withdraw any suit therefrom, but merely confers a personal privilege on the defendant, which he may assert or waive, at his election. P. 655.

3. Whenever such a suit is removed from a state court under Jud. Code, § 28, the removal must be to the District Court in the district where the suit is pending. *Id.*, §§ 29, 53. P. 656.

4. The right of removal under § 28 is exercisable by the defendant or defendants without regard to the assent of the plaintiff. P. 658.

5. An action, between citizens of different States begun in a court of a State of which neither is a citizen, is removable by the defendant to the District Court of the district in which the suit is pending. P. 658. *Ex parte Wisner,* 203 U. S. 449, overruled; *In re Moore,* 209 U. S. 490, qualified.

6. The purpose of the Act of August 13, 1888, c. 866, 25 Stat. 433, to contract the jurisdiction of the Circuit Courts affords no basis for subtracting from its provisions where definite and free from ambiguity. P. 660.

Affirmed.

ERROR to a judgment of the District Court sustaining its jurisdiction and dismissing the complaint, in an action for personal injuries removed from a state court.

*Mr. Allan D. Cole,* with whom *Mr. H. W. Cole* and *Mr. W. A. Byron* were on the brief, for plaintiff in error.

*Mr. E. L. Worthington,* with whom *Mr. LeWright Browning* and *Mr. Stanley Reed* were on the brief, for defendant in error.

Mr. JUSTICE VAN DEVANTER delivered the opinion of the Court.

This was an action to recover damages in the sum of ten thousand dollars for personal injuries alleged to have been sustained by the plaintiff while entering one of the defendant's passenger trains in Kentucky for an intrastate trip. The plaintiff was a citizen and resident of Texas and the defendant a corporate citizen and resident of Virginia. The action was begun in a state court in Bracken County, Kentucky, and, because of the diverse citizenship of the parties, was removed, at the defendant's instance, into the District Court of the United States for the Eastern District of Kentucky, which includes Bracken County. When the transcript reached the District Court, the plaintiff moved that the cause be remanded to the state court on the ground that the District Court was without jurisdiction in that neither party was a resident of that district. The motion was overruled, the plaintiff elected to stand on the motion, and judgment was given for the defendant. The plaintiff then brought the case here on a direct writ of error, Jud. Code, § 238, to obtain a review of the ruling on his motion to remand.

Under the Constitution, Art. III, § 2, the judicial power extends, among other cases, to such as arise under the Constitution, laws and treaties of the United States; and to such as are between citizens of different States.

Section 24 of the Judicial Code defines the general jurisdiction of the District Courts, the pertinent provision being as follows:

". The district courts shall have original jurisdiction . . . of all suits of a civil nature, at common law or in equity, . . . where the matter in controversy ex-

ceeds, exclusive of interest and cos\. ., the sum or value of three thousand dollars, and (a) arises under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority, or (b) is between citizens of different States,  . . ."

This grant of jurisdiction covers two distinct classes of suits. In one the citizenship of the parties is not an element, while in the other it is the distinctive feature. As to the suit before us it is very clear that the diverse citizenship of the parties and the sum involved bring it within the latter class, and therefore within the general jurisdiction of the District Courts.

Section 51 of the Code relates to the venue of suits originally begun in those courts, and provides, subject to exceptions not material here, that—

". . . no civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

It is a necessary conclusion from repeated decisions, going back to the original Judiciary Act of 1789, that this provision does not limit the general jurisdiction of the District Courts or withdraw any suit therefrom, but merely confers a personal privilege on the defendant, which he may assert, or may waive, at his election, and does waive if, when sued in some other district, he enters an appearance without claiming his privilege. *Gracie* v. *Palmer,* 8 Wheat. 699; *Toland* v. *Sprague,* 12 Pet. 300, 330; *Ex parte Schollenberger,* 96 U. S. 369, 378 *Central Trust Co.* v. *McGeorge,* 151 U. S. 129; *Interior Construction Co.* v. *Gibney,* 160 U. S. 217; *United States* v. *Hvoslef,* 237 U S. 1, 12; *Camp* v. *Gress,* 250 U. S. 308, 311; *General Investment Co.* v. *Lake Shore & Michigan South-*

*ern Ry. Co., ante,* 261, The following excerpt from *Interior Construction Co.* v. *Gibney,* p. 219, is particularly apposite:

" The Circuit Courts of the United States are thus vested with general jurisdiction of civil actions, involving the requisite pecuniary value, between citizens of different States. Diversity of citizenship is a condition of jurisdiction, and, when that does not appear upon the record, the court, of its own motion, will order the action to be dismissed. But the provision as to the particular district in which the action shall be brought does not touch the general jurisdiction of the court over such a cause between such parties; but affects only the proceedings taken to bring the defendant within such jurisdiction, and is a matter of personal privilege, which the defendant may insist upon, or may waive, at his election; and the defendant's right to object that an action, within the general jurisdiction of the court, is brought in the wrong district, is waived by entering a general appearance, without taking the objection."

Section 28 of the Code deals with the jurisdiction of the District Courts on removals from the state courts, saying, so far as is material here,—

"Any suit of a civil nature, at law or in equity, arising under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority, of which the district courts of the United States are given original jurisdiction by this title, which may now be pending or which may hereafter be brought, in any State court, may be removed by the defendant or defendants therein to the district court of the United States for the proper district. Any other suit of a civil nature, at law or in equity, of which the district courts of the United States are given jurisdiction by this title, and which are now pending or which may hereafter be brought, in any State court, may be removed into the dis-

trict court of the United States for the proper district by the defendant or defendants therein, being non-residents of that State."

Section 29 deals, among other things, with the venue on removals and shows that in every instance the removal must be into the district court " in the district where such suit is pending; " and this requirement is emphasized by § 53, which directs that where the district is composed of two or more distinct divisions the removal shall be into the District Court " in the division in which the county is situated from which the removal is made." Thus the words " for the proper district," in § 28, find exact definition in §§ 29 and 53; and that definition conforms to what has appeared in all removal statutes beginning with the original Judiciary Act of 1789.[1]

The several provisions of the Code before quoted were considered in the recent case of *General Investment Co.* v. *Lake Shore & Michigan Southern Ry. Co., supra,* 275, where their meaning and their relation one to another were summed up as follows:

" Section 24 contains a typical grant of original jurisdiction to the District Courts in general of ' all suits ' in the classes falling within its descriptive terms, save certain suits by assignees of particular choses in action. Section 51 does not withdraw any suit from that grant, but merely regulates the place of suit, its purpose being to save defendants from inconveniences to which they might be subjected if they could be compelled to answer in any district, or wherever found. Like similar state statutes, it accords to defendants a privilege which they may, and not infrequently do, waive.

---

[1] Acts September 24, 1789, c. 20, § 12, 1 Stat. 79; February 13, 1801, c. 4, § 13, 2 Stat. 92; February 4, 1815, c. 31, § 8, 3 Stat. 198; March 3, 1815, c. 94, § 6, 3 Stat. 233; March 3, 1863, c. 81, § 5, 12 Stat. 756; March 2, 1867, c. 196, 14 Stat. 558; March 3, 1875, c. 137, § 3, 18 Stat. 471; March 3, 1887, c. 373, 24 Stat. 552; August 13, 1888, c. 866, 25 Stat. 433; Judicial Code, §§ 30, 31, 33.

" Coming to the removal section (28), it is apparent that the clause, ' of which the district courts of the United States are given original jurisdiction,' refers to the jurisdiction conferred on the District Courts in general, for it speaks of them in the plural.  That it does not refer to the venue provision in § 51 is apparent, first, because that provision does not except or take any suit from the general jurisdiction conferred by § 24; next, because there could be no purpose in extending to removals the personal privilege accorded to defendants by § 51, since removals are had only at the instance of defendants, and, lastly, because the venue on removal is specially dealt with and fixed by § 29."

It will be perceived that the right of removal under § 28 arises whenever a suit within the general jurisdiction of the District Courts is begun in " any " state court, and also that the party to whom the right is given is designated in direct and unequivocal terms.  Where the suit arises under the Constitution, or a law or treaty, of the United States the right is given to " the defendant or defendants " without any qualification; and as to " any other suit " it is given to " the defendant or defendants ", if he or they be " non-residents of that State."  In neither instance is the plaintiff's assent essential in any sense to the exercise of the right.  Nor is it admissible for him to urge that the removal be into the District Court for some other district, for it is his act in bringing the suit in a state court within the particular district which fixes the venue on removal.

Applying these views to the present case, we hold that it was removable, that it was duly removed into the District Court for the proper district and that the motion to remand was rightly denied—in short, that the District Court had jurisdiction to proceed to a determination of the cause.

The plaintiff's contention to the contrary is predicated largely on a decision by this Court in *Ex parte Wisner*,

203 U. S. 449, which, it must be conceded, is not in accord with the views expressed in this opinion. In that case the facts were like those here and the same statutory provisions were involved. These provisions were then part of the Act of August 13, 1888, c. 866, 25 Stat. 433, but, as respects the matter now under consideration, their meaning has not been changed by their inclusion in the Judicial Code. In that case it was ruled that the provision, now embodied in § 51, respecting the venue of actions originally begun in the Circuit (now District) Courts was strictly jurisdictional, could not be overcome even by the consent of both parties, and affected removals accordingly. The ruling proceeded on the theory that this was a right, if not a necessary, conclusion inasmuch as the general purpose of Congress in adopting the Act of 1888 was to contract the jurisdiction of the Circuit Courts. The decision was given in 1906 and was a departure from what had been said of the same provisions in prior cases, notably *Mexican National R. R. Co.* v. *Davidson,* 157 U. S. 201, 208, and *Sweeney* v. *Carter Oil Co.,* 199 U. S. 252, 259. Much that was said in the opinion was soon disapproved in *In re Moore,* 209 U. S. 490, where the Court returned to its former rulings respecting the essential distinction between the provision defining the general jurisdiction of the Circuit Courts and the one relating to the venue of suits originally begun in those courts. But as the decision was not fully and expressly overruled, it has been a source of embarrassment and confusion in other courts.[1] We had occasion to criti-

---

[1] See *Louisville & Nashville R. R. Co.* v. *Western Union Telegraph Co.,* 218 Fed. 91; *Doherty* v. *Smith,* 233 Fed. 132; *Guaranty Trust Co.* v. *McCabe,* 250 Fed. 699; *James* v. *Amarillo City Light & Water Co.,* 251 Fed. 337; *Matarazzo* v. *Hustis,* 256 Fed. 882; *Boise Commercial Club* v. *Oregon Short Line R. R. Co.,* 260 Fed. 769; *Sanders* v. *Western Union Telegraph Co.,* 261 Fed. 697; *Earles* v. *Germain Co.,* 265 Fed. 715.

cise it in *General Investment Co.* v. *Lake Shore & Michigan Southern Ry. Co., supra,* and now on further consideration we feel constrained to pronounce it essentially unsound and definitely to overrule it.

In this connection it should be observed that the opinion in *In re Moore* is open to the criticism that it seemingly assumes that where neither party is a resident of the district the removal, to be effective, needs the plaintiff's assent. We find no support for such an assumption in the provisions we are considering. Under them, as before indicated, the exercise of the right of removal rests entirely with the defendant and is in no sense dependent on the will or acquiescence of the plaintiff. The opinion in *In re Moore* is qualified accordingly.

We recognize that one purpose of the Act of 1888 was to contract the jurisdiction of the Circuit Courts and that due regard should be had for this in interpreting indefinite or ambiguous provisions; but we think it affords no basis for subtracting anything from provisions which are definite and free from ambiguity. A comparison of the removal provisions in the Act of 1888 with those in the Act of March 3, 1875, c. 137, 18 Stat. 470, which it displaced, will bring out very clearly the changes intended. The Act of 1875 not only permitted the removal of all suits between citizens of different States where the amount in controversy exceeded five hundred dollars, but declared without qualification that the removal might be by "either party." The Act of 1888 confined the removal of such suits to instances where the amount in controversy exceeded two thousand dollars; withheld the right of removal from the plaintiff, who always has a choice of forums, and gave the right to the defendant only where he was a nonresident of the State in which the suit was brought. Thus, while the comparison shows that Congress intended to contract materially the jurisdiction on removal, it also shows how the contraction was to be

effected.    Certainly there is nothing in this which suggests that the plain terms in the Act of 1888,—by which it. declared that any suit " between citizens of different States," brought in any state court and involving the requisite amount, " may be removed by the defendant or defendants " where they are " non-residents of that State,"—should be taken otherwise than according to their natural or ordinary signification.

That provision, although much narrower than the provision in the Act of 1875, is obviously broader than the one in the original Judiciary Act of 1789, which permitted any suit brought in any state court by a citizen of that State against a citizen of another State, and involving a stated amount, to be removed by the defendant into the Circuit Court of the United States for that district. This early provision remained in force for a long period 'and there can be no doubt that to return to it now would materially relieve the overburdened dockets of the District Courts and at the same time maintain the constitutional principle involved; but of course a return can be effected only through legislative channels.

*Judgment affirmed.*