### SCOGGINS v. UNION PAC. R. CO.

(District Court, D. Minnesota, Fourth Division. June 4, 1923.)

1. **Removal of causes** ⊕⟹89(1)—**Defendant may assail allegations preventing removal as false and fraudulent.**

   Defendant in proceeding to remove cause to federal court may assail as false and fraudulent allegations of the complaint which prima facie would prevent removal.

2. **Removal of causes** ⊕⟹107(4)—**General statements of motion to remand unsupported by plaintiff's affidavit not given effect against positive allegations and affidavits.**

   In railway car repairer's action for injuries in which he alleged that when injured he was engaged in repairing car used in interstate commerce, where it was specifically alleged in petition to remove and supporting affidavits that car had been wholly withdrawn from commerce of every kind, and though facts were peculiarly within plaintiff's personal knowledge, his affidavit was not produced, unverified general statements of motion to remand that allegations of complaint were true and allegations of petition for removal untrue cannot defeat right to remove.

3. **Removal of causes** ⊕⟹107(7)—**Attorney's affidavit on motion to remand, not stating sources of information and stating only conclusions, held insufficient.**

Where, in railroad car repairer's action for injuries, petition for removal specifically alleged, and it was shown by supporting affidavits, that car which he was repairing when injured had been wholly withdrawn from commerce of every kind, affidavit of plaintiff's attorney, on motion to remand, that allegations of complaint were true and allegations of petition for removal untrue, cannot defeat right to remove when purporting to be on information and belief, without disclosing source of information and stating only general conclusions of the affiant.

4. **Commerce** ⊗═27(8)—Car repairer working on car which had been wholly withdrawn from commerce while being repaired not engaged in interstate commerce.

Railway car repairer, who at time of injury was repairing car which had been wholly withdrawn from service and commerce of every character and placed on repair track, to be overhauled and rebuilt, and which had been in course of repair for nearly two months, was not engaged, and the car on which he was working was not employed, in interstate commerce.

At Law. Action by Archie Scoggins against the Union Pacific Railroad Company. On motion to remand to state court. Motion denied.

The above-entitled matter came before the court on a motion on behalf of the plaintiff to remand the same to the state court, on the ground that said action is not one that is removable and that the petition of the defendant for removal does not state facts sufficient to show any right of removal. The motion is made on the complaint in said cause and upon all the files, records, and proceedings therein.

Tautges & Wilder, of Minneapolis, Minn., for plaintiff.
Sanborn, Graves & Ordway, of St. Paul, Minn., for defendant.

McGEE, District Judge. This is a personal injury action commenced by the plaintiff in the district court of Swift county, Minn., on the 2d day of March, 1923, in which the plaintiff seeks to recover from the alleged to have been sustained by him while in the employ of the de-defendant damages stated in his petition at $50,000 for injuries fendant as a car repairer in its car shops at Grand Island, Neb., on the 10th day of June, 1922.

The defendant caused the action to be removed to this court on the ground of diverse citizenship of the parties.

The plaintiff moves to remand the case to the state court on the following grounds:

(1) That the complaint and record in said cause do not present a cause removable under the statutes and laws of the United States from said state court to said United States District Court.

(2) That said action is founded and based on the federal Employers' Liability Act of 1908, and the amendments thereto.

(3) That said cause of action was improperly and unlawfully removed from said District Court to said United States District Court.

(4) That said United States District Court has no jurisdiction of said cause of action to hear and determine the same.

(5) The requisite diversity of citizenship for a removal does not exist in said cause.

⊗═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

(5) That the claim made by defendant in its petition for removal of said cause to the District Court of the United States for the District of Minnesota, Fourth Division, the substance of which is that the plaintiff fraudulently alleged a cause of action under the federal Employers' Liability Act (Comp. St. §§ 8657–8665), in order to prevent a removal of said cause from said state court to said United States District Court, is untrue, and that plaintiff denies the allegations contained in paragraphs 6, 7, and 8 of defendant's petition for removal and the other matters set forth and contained in said petition, except in so far as said petition quotes from, or admits, the allegations contained in plaintiff's complaint.

The requisite diversity of citizenship to warrant a removal of the case from the state to the federal court is shown by the record. Plaintiff's contention to the contrary rests upon the rule laid down in Ex parte Wisner, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264, but that case recently has been reconsidered and expressly overruled. General Investment Co. v. L. S. & M. S. Ry. Co., 260 U. S. 261, 43 Sup. Ct. 106, 67 L. Ed. 244; Lee v. Chesapeake & O. Ry. Co., 260 U. S. 653, 43 Sup. Ct. 230, 67 L. Ed. 443.

The plaintiff also contends that the allegations of his complaint bring the case within the provisions of the federal Employers' Liability Act and amendments thereto, and by the terms of that act it is not removable.

The defendant, while conceding that the complaint on its face states a cause of action within the provisions of the federal Employers' Liability Act, maintains: First, that the plaintiff, for the purpose of bringing the case within the provisions of that act, and thereby to prevent the defendant from removing the same to this court, has falsely and fraudulently alleged in his complaint, without any intention of proving the same, that, at the time he was injured, he was engaged, and the car he was repairing was employed, in interstate commerce; second, that the plaintiff in his complaint has stated two separate and independent causes of actions. The first, under the provisions of the federal Employers' Liability Act, and the second, under sections 6053, 6054, and 7879 of the Statutes of the state of Nebraska; and, the requisite amount and diversity of citizenship existing, the second cause of action is removable to this court, and carries with it the cause of action under the federal Employers' Liability Act.

If the first position taken by the defendant is sound, it is decisive of this motion and renders a consideration of the second point unnecessary. The questions, therefore, are:

(1) Whether the plaintiff at the time he was injured was engaged, and the car upon which he was working was employed, in interstate commerce. And, if not,

(2) Whether the plaintiff, for the purpose of defeating the right of the defendant to remove the case to this court, has falsely and fraudulently alleged that he was so engaged and the car upon which he was working was so employed at the time he alleges he was injured.

[1] Whatever doubt may, at one time, have existed as to the right of the defendant in a removal proceeding to assail as false and fraudulent

the allegations of the plaintiff's complaint, which prima facie would prevent the removal of the case, has been dispelled by later cases in the Supreme Court. Louisville & Nashville R. R. Co. v. Wangelin, 132 U. S. 599, 601, 10 Sup. Ct. 203, 33 L. Ed. 473; Illinois Cent. R. R. Co. v. Sheegog, 215 U. S. 308, 316, 30 Sup. Ct. 101, 54 L. Ed. 208; Alabama Great Southern Ry. Co. v. Thompson, 200 U. S. 206, 218, 26 Sup. Ct. 161, 50 L. Ed. 441, 4 Ann. Cas. 1147; Wecker v. National Enameling & S. Co., 204 U. S. 176, 27 Sup. Ct. 184, 51 L. Ed. 430, 9 Ann. Cas. 757; Chicago, R. I. & P. Ry. v. Dowell, 229 U. S. 102, 114, 33 Sup. Ct. 684, 57 L. Ed. 1090; Chesapeake & O. Ry. Co. v. Cockrell, 232 U. S. 146, 152, 34 Sup. Ct. 278, 58 L. Ed. 544; Great Northern Ry. Co. v. Alexander, 246 U. S. 276, 281, 38 Sup. Ct. 237, 62 L. Ed. 713; Wilson v. Republic Iron & Steel Co., 257 U. S. 92, 98, 42 Sup. Ct. 35, 66 L. Ed. 144.

The question, therefore, is whether the plaintiff, in his petition, and contrary to the truth and fact, has falsely and fraudulently, and for the purpose of preventing the defendant from removing the case into this court, alleged that the plaintiff at the time he was injured was engaged, and the car upon which he was working was at the same time employed, in interstate commerce.

The plaintiff alleges in his petition:

"Said defendant, as a part of its said line and system of railroad, maintained and operated certain railroad shops, railroad yards and repair tracks, commonly known as 'rip tracks,' at Grand Island, Neb., and that on the 10th day of June, 1922, this plaintiff was in the employ of said defendant as a car repairer in its said yards at Grand Island, Neb.; * * * that during all of said times, said defendant was engaging in the business of commerce between the several states and territories of the United States and foreign countries, as a common carrier by railroad, and that at the time this plaintiff was injured, as hereinafter alleged, he was employed by it in such commerce; * * * that on or about June 10, 1922, at the hour of about 10 o'clock a. m. of said day, plaintiff in the course of his employment and duties as such car repairer for defendant was engaging in the work of repairing one of its interstate cars on a track commonly known as the 'rip track,' in its said yards at Grand Island, Neb., and that said repairs consisted in part of straightening the steel center beam of said car."

The defendant's petition for removal is verified and, after quoting the above paragraph from the plaintiff's petition, alleges:

"(6) Your petitioner avers and shows the court that the allegations hereinbefore quoted from the petition herein are false, and are and were at the time said petition was filed known by plaintiff to be false; that said allegations were and are fraudulently made by plaintiff in his petition for the sole purpose of preventing your petitioner from removing the above-entitled action to the United States District Court; and your petitioner avers that it is and has always been the intention of plaintiff to try the above-entitled case upon the cause of action based upon the laws of the state of Nebraska.

"(7) Your petitioner avers that in truth and in fact, and to the knowledge of plaintiff, he was not at the time of his alleged injury employed by defendant in interstate commerce and was not at said time engaged in commerce of any character; that, on the contrary, on the said 10th day of June, 1922, at the time of his alleged injury, plaintiff was assisting in making general repairs upon a freight car of this defendant; that the said freight car had not been for a long time prior to the said 10th day of

June, 1922, was not at said date, and was not for a long time thereafter engaged in interstate commerce or commerce of any character; and your petitioner avers the fact to be that the said freight car was on the 27th day of April, 1922, withdrawn from service and from commerce of every character, and was on the said date placed on the repair track of this defendant for general repairs, overhauling, and rebuilding; that for the purpose aforesaid said freight car remained on said repair track all of the time from said 27th day of April, 1922, until and including the said 10th day of June, 1922, and for some time thereafter, and that it was while he was assisting in the work of repairing, overhauling, and rebuilding the said car, as aforesaid, that plaintiff suffered the alleged injury.

"(8) Your petitioner further avers and shows the court that the said allegation in plaintiff's petition, last above quoted, was made without any purpose or intention of proving the same, and that the same constitutes a mere fraudulent device, the object of which is to prevent your petitioner from removing the above-entitled suit to the United States District Court; and your petitioner avers that the plaintiff well knew when he filed his petition, and now knows, that at the time he suffered his injuries he was not employed by your petitioner in interstate commerce; and your petitioner alleges that plaintiff at said time knew, and now well knows, that the action set forth in his petition is not within, or based upon, the act of Congress known as the federal Employers' Liability Act."

The allegations of the petition are supported:

First, by the affidavit of D. E. Ryder, general car foreman of the Union Pacific Railroad Company at Grand Island, Neb., which states:

That as such foreman "he has and did have on the 10th day of June, 1922, general charge, supervision, and control of all the work of repairing, rebuilding remodeling,' and overhauling done by said Union Pacific Railroad Company on any of its passenger or freight cars at Grand Island, Neb.

"That some time prior to the 27th day of April, 1922, OWR&N Car No. 13975 arrived in the railroad yards of the Union Pacific Railroad Company at Grand Island, Neb.; that on the said 27th day of April, 1922, said car was, by order of this affiant, withdrawn from service and from commerce of every character, and placed upon the repair track for the purpose of being repaired, overhauled, and rebuilt; that, for the purpose aforesaid, the said car remained upon the said repair tracks from the said 27th day of April, 1922, until the 21st day of June, 1922; that during the period between the dates said car OWR&N 13975 was continuously worked on and was continuously under repair; that as a result of the said repairing, overhauling, and rebuilding of said car the same was, in large part, rebuilt and renewed, and generally repaired, and for a period of time during the process of said work, and for the purpose of effecting the said repairs and overhauling, said car was taken off its trucks and wheels and the said car was, for a long period of time between the above-mentioned date, otherwise, in large part, dismantled, and said car was not, during any of the said time, engaged in commerce of any character, either intrastate or interstate, and said car was not, during said period, capable of engaging or being engaged or employed in interstate commerce.

"That affiant knows and is acquainted with Archie Scoggins, the plaintiff herein, and avers that on the said 10th day of June, 1922, the said Archie Scoggins was, and for some time prior thereto had been, employed by the above-named defendant as a car repairer and engaged and employed by said defendant in assisting in the making of heavy repairs upon freight cars at Grand Island, Neb.; that the said Archie Scoggins was engaged and employed by this defendant in rebuilding, renewing, and overhauling of cars which had been withdrawn from service and from commerce of every character; that on the said 10th day of June, 1922, the said Scoggins was engaged and employed by said defendant, under this affiant, as aforesaid, in assisting in rebuilding, overhauling, renewing, and repairing the said car OWR&N 13975, and that on the said 10th day of June, 1922,

the said car upon which the said Scoggins was working, as aforesaid, had been taken off its wheels and trucks, and at the said time the said car did not have any floor or deck in the same, and was in other respects dismantled and, as aforesaid, said car was not on said date, and was not at the time the said Scoggins was working on same, had not been for some time prior thereto, and was not for some time thereafter, engaged in commerce of any character, and was not, at any of said times, capable of being engaged in commerce of any character, but was, at all of said times, completely and entirely withdrawn from service; that said Archie Scoggins was engaged, as herein stated, in working upon said car OWR&N 13975 for some time prior to the time when he now alleges he was injured, and for some time after the time of his alleged injury, and was, during all of the said 10th day of June, 1922, and at all times while employed by the above-named defendant, engaged, as aforesaid, in repairing cars which had been entirely and completely withdrawn from service and from commerce of every character, for the purpose of being repaired, renewed, overhauled, and rebuilt."

Second, by the affidavit of James H. Connor, which states:

"That he is employed by Union Pacific Railroad Company under the superintendent of motive power and machinery; that OWR&N car No. 13975 was, on the 16th day of April, 1922, delivered to defendant by one of its connecting carriers, empty, and not under load; that said car was by this defendant transported empty to the repair shops of defendant at Grand Island, Neb., for the purpose of being repaired, overhauled, rebuilt, and renewed, to be used after the said work was done upon said car for such purpose as occasion might require at said future time."

[2, 3] It will be noted that the pertinent allegations of the petition necessary to bring the case within the provisions of the federal Employers' Liability Act are directly assailed by both general and specific allegations in the verified petition for removal and in affidavits verified by the oaths of two representatives of the defendant in its operating department, one the general car foreman in charge of the work on which the plaintiff was engaged at Grand Island, Neb., at the time he was injured, and the other employed under the superintendent of motive power and machinery.

The plaintiff has made no counter showing. His complaint is unverified. The facts are peculiarly within his personal knowledge due to the fact that he actually worked upon the car while it was being rebuilt and was working upon it when he was injured, and were he so disposed, he could say whether from April 27 to June 21, 1922, a period of nearly two months, the car was in the condition stated in the petition for removal and affidavits of Ryder and Connor. He has remained silent when he could and should have spoken, and under those circumstances, it must be presumed against him that if the facts known to him in relation to the matter were favorable to him, he would have spoken.

This policy of silence on the part of the plaintiff is not aided by the unverified general statements of his attorneys, contained in the notice of motion to remand, asserting that the allegations of the petition are true and the allegations of the petition for removal are untrue. Nor can any weight be given to the statements in the affidavit of his attorney to the same effect, as the statements in the notice of motion to remand, for the reasons, first, that they purport to be on information and belief, but fail to disclose the source of the affiant's information without which their value cannot be determined; and, second, the allega-

tions of the affidavit are general conclusions of the affiant, which fail entirely to notice and meet the specific allegations of the defendant's removal petition and supporting affidavits, which deal in detail with the nature of plaintiff's work and the condition of the car in question for the period of April 27 to June 21, 1922.

Under the rule stated in Wilson v. Republic Iron & Steel Company, 257 U. S. 92, 42 Sup. Ct. 35, 66 L. Ed. 144, the allegations of the petition for removal stand admitted and I find them to be true. In the Wilson Case, supra, it is said:

"But if the plaintiff does not take issue with what is stated in the petition, he must be taken as assenting to its truth and the petitioning defendant need not produce any proof to sustain it. Kentucky v. Powers, 201 U. S. 1, 33–34, 35.

"Here but for the joinder of the coemployee the case plainly was one which the employer was entitled to have removed into the District Court on the ground of diverse citizenship; and, if the showing in the petition for removal be taken as true, it is apparent that the coemployee was joined as a defendant without any purpose to prosecute the action in good faith as against him and with the purpose of fraudulently defeating the employer's right of removal. This is the rational conclusion from the facts appropriately stated, apart from the pleader's deductions. The petition was properly verified and the plaintiff, although free to take issue with its statements, did not do so. He therefore was to be taken as assenting to their truth, relieving the employer from adducing evidence to sustain them, and merely challenging their sufficiency in point of law. We hold they were sufficient, in that they disclosed that the joinder was a sham and fraudulent and hence was not a legal obstacle to the removal or to the retention of the cause by the District Court."

[4] The question whether under the facts disclosed and which must be regarded as undisputed in this case, the plaintiff, at the time he was injured, was engaged, and the car upon which he was working was employed, in interstate commerce, has been determined adversely to the plaintiff by the Supreme Court of the United States. M. & St. L. R. R. Co. v. Winters, 242 U. S. 353, 37 Sup. Ct. 170, 61 L. Ed. 358, Ann. Cas. 1918B, 54; Industrial Accident Com. v. Davis, 259 U. S. 182, 42 Sup. Ct. 489, 66 L. Ed. 888; C., K. & S. Ry. Co. v. Kindlesparker, 246 U. S. 657, 38 Sup. Ct. 425, 62 L. Ed. 925.

In the Winters Case it is said:

"This engine 'had been used in the hauling of freight trains over the defendant's line * * * which freight trains hauled both intrastate and interstate commerce, and * * * it was so used after the plaintiff's injury.' The last time before the injury on which the engine was used was on October 18 when it pulled a freight train into Marshalltown, and it was used again on October 21, after the accident, to pull a freight train out from the same place. That is all that we have, and is not sufficient to bring the case under the act. This is not like the matter of repairs upon a road permanently devoted to commerce among the states. An engine as such is not permanently devoted to any kind of traffic and it does not appear that this engine was destined especially to anything more definite than such business as it might be needed for. It was not interrupted in an interstate haul to be repaired and go on. It simply had finished some interstate business and had not yet begun upon any other. Its next work, so far as appears, might be interstate or confined to Iowa, as it should happen. At the moment it was not engaged in either. Its character as an instrument of commerce depended on its employment at the time not upon remote probabilities or upon accidental later events."

In the Davis Case, the latest expression of the Supreme Court of the United States on the subject, it is said:

"In other words, we are brought to a consideration of degrees, and the test declared, that the employee at the time of the injury must be engaged in interstate transportation or in work so closely related to it as to be practically a part of it, in order to displace state jurisdiction and make applicable the federal act. And there is a difference in instrumentalities. In some, the tracks, bridges and road bed and equipment in actual use, may be said to have definite character and give it to those employed upon them. But equipment out of use, withdrawn for repairs, may or may not partake of that character according to circumstances, and among the circumstances is the time taken for repairs—the duration of the withdrawal from use. Illustrations readily occur. There may be only a placement upon a sidetrack or in a roundhouse—the interruption of actual use, and the return to it, being of varying lengths of time, or there may be a removal to the repair and construction shops, a definite withdrawal from service and placement in new relations; the relations of a work shop, its employments and employees having cause in the movements that constitute commerce but not being immediate to it.

"And it is this separation that gives character to the employment, as we have said, as being in or not in commerce. Such, we think, was the situation of the engine in the present case. It was placed in the shop for general repairs on December 19, 1918. On February 25, 1919, after work upon it, it was given a trial and it was placed in service on March 4, 1919. The accident occurred on February 1st of that year, the engine at the time being nearly stripped and dismantled. 'It was not interrupted in an interstate haul to be repaired and go on.' Minneapolis & St. Louis R. R. Co. v. Winters, 242 U. S. 353, 356; Chicago, Kalamazoo & Saginaw Ry. Co. v. Kindlesparker, 246 U. S. 657."

This disposes of the motion to remand and makes unnecessary the consideration of the other question stated, and that is whether, the requisite diversity of citizenship existing, the defendant had a right based upon the second cause of action stated in the complaint, arising under the Nebraska statute, to remove the case to this court.

The motion to remand is denied.