Accordingly, the injunction should issue immediately.

## Anthony DI CIANO
v.
## WESTERN CONTRACTING CORP.
### (two cases).
### Civ. A. No. 33497.
### Admiralty No. 333 of 1963.

United States District Court
E. D. Pennsylvania.

Dec. 18, 1963.

Freedman, Landy & Lorry, Philadelphia, Pa., for plaintiff-libellant.

James B. Doak, Philadelphia, Pa., for defendant-respondent.

VAN DUSEN, District Judge.

This motion is now before the court on defendant-respondent's (hereinafter called "defendant") Motions to Set Aside and Vacate Service of Process (Document 5 in Civil Action No. 33497 and Document 3 in Admiralty No. 333 of 1963).

Defendant is a registered foreign corporation,[1] but one which is not "doing business" in Pennsylvania. Plaintiff-libellant (hereinafter called "plaintiff"), a New Jersey resident, brought these two actions against defendant for injuries he sustained on defendant's vessel while outside the Commonwealth. A United States Marshal made service on defendant by handing true and attested

1. Before doing business in Pennsylvania, foreign corporations must register with the Secretary of the Commonwealth. Pennsylvania Business Corporation Law of May 5, 1933, P.L. 364, 15 P.S. § 2852–1001 et seq. Pennsylvania Constitution, Article 16, Section 5, P.S.

copies of the initial process in these suits to an Assistant Vice President of the C. T. Corporation System's Philadelphia office. The C. T. Corporation System is defendant's registered office in the Commonwealth.

Defendant has filed Motions to Set Aside and Vacate Service of Process. In support of its Motions, it alleges, inter alia, that (1) service was improper since the incidents giving rise to this litigation occurred outside the Commonwealth, both parties are non-residents, and, therefore, Pennsylvania has no interest in this litigation; (2) any service is improper since, even though defendant is registered, it is not doing business in Pennsylvania; and (3) service at the defendant's registered office was improper since it was not in conformity with the applicable statute.

Defendant's first point apparently concerns venue, i. e., the locality of the forum where the judicial power may be set in motion.[2] The question of whether or not a foreign corporation, registered in Pennsylvania, may be sued in this state by a non-resident on a cause of action arising outside of Pennsylvania was decided in Carlisle v. Kelly Pile & Foundation Corporation, 175 F.2d 414 (3rd Cir. 1949). Defendant, Kelly Pile, was a registered foreign corporation, the plaintiff was a non-resident, and the cause of action also arose outside of Pennsylvania. On these facts, Chief Judge Biggs held that, by qualifying to do business in Pennsylvania and by complying with the registration statute, defendant had waived any objections to venue for a tort which occurred outside Pennsylvania.[3]

As to defendant's second point, the fact that the cause of action arose outside the Commonwealth is not controlling. The Supreme Court has decided that due process does not require that the cause of action against a foreign corporation arise out of the corporation's activities in the state where the action is brought. Perkins v. Benguet Mining Co., 342 U.S. 437, 447–449, 72 S.Ct. 413, 96 L.Ed. 485 (1952).

The defendant places great weight upon the fact that it is not "doing business" in Pennsylvania and, hence, contends that it is not subject to suit here. However, the defendant consented to being sued in this Commonwealth by voluntarily stating, in paragraph 4 of its application for a certificate of authority to transact business in this state (see Exhibit A of Document 7):

> "The said corporation designates the Secretary of the Commonwealth of Pennsylvania, and his successor in office, as its true and lawful attorney upon whom all lawful process in any action or proceeding against it may be served, and agrees that service of process upon the Secretary of the Commonwealth shall be of the same legal force and validity as if served on the corporation, * * *."[4]

Such a consent is clearly valid. See Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167 (1939).

Although defendant's third point is sustained, it would appear that the law would be requiring a useless act if defendant's Motion was to be granted on this technicality. Defendant has only consented to be served by service upon the Secretary of the Commonwealth. It is clear that the plaintiff should have followed this procedure.[5] Since the only result of requiring this procedure will be

---

2. Lee v. Chesapeake & Ohio Ry. Co., 260 U.S. 653, 43 S.Ct. 230, 67 L.Ed. 443 (1923).

3. See Carlisle v. S. C. Loveland Co., 175 F.2d 418, 421 (3rd Cir. 1949).

4. The balance of this clause concerns liability continuing after the qualification of a foreign corporation has been withdrawn. Since this qualification has not been withdrawn, the fact that the cause of action arose outside the state is immaterial. Cf. Steinberg v. Aetna Fire Ins. Co., 50 F.Supp. 438, 439 (E.D.Pa. 1943).

5. The failure to do so has wasted a great deal of time of counsel, the parties, and the court. The record in Welsh v. Utah Dredging Co., Adm. No. 485 of

to have such service forwarded by the Secretary of the Commonwealth to the registered office, where service was in fact made, the court will not, under the circumstances of this case, strike the service and require such a cumbersome and unnecessary act, unless defendant notifies the undersigned within ten days of some prejudice to it from the delivery of the summons and complaint directly to the registered office rather than by way of the office of the Secretary of the Commonwealth at Harrisburg.

1963 (E.D.Pa.), does not show that defendant in that case was not "doing business" in the jurisdiction, so the order of November 1, 1963 (Document 5) is not applicable to the record in this case. The normal presumption would be that a corporation registered to do business in a jurisdiction is "doing business" in that jurisdiction, but the record in this case (see Documents 5 and 6 in Civil Action No. 33497 and Document 3 in Adm. No. 333 of 1963) makes clear that this defendant is not "doing business" in this jurisdiction.