UNITED STATES of America, suing herein for the Use and Benefit of ANGELL BROS., INC., a Corporation, Plaintiff,

v.

CAVE CONSTRUCTION, INC., a Corporation, and American Casualty Company of Reading, Pennsylvania, a corporation, Defendants.

Civ. No. 2533.

United States District Court
D. Montana,
Great Falls Division.

March 9, 1966.

R. F. Clary, Jr., Great Falls, Mont., for plaintiff.

Graybill & Graybill, Great Falls, Mont., for defendants.

JAMESON, District Judge.

This Miller Act case was commenced on January 13, 1965. The defendants were served with process on *January 15, 1965.*

No appearance was made until *February 23, 1966,* when the defendants filed a motion to dismiss on the grounds (1) that the complaint fails to state a claim, and (2) that the complaint shows on its face that the contract was to be performed in the State of Wyoming and should have been brought in the United States District Court for the District of Wyoming. No brief was filed in support of the first ground, and it is without merit. Memoranda on the second ground have been filed by both parties.

Counsel for the respective parties apparently agreed informally shortly after the action was commenced that it would not be necessary for the defendants to file an appearance pending settlement negotiations. This is a practice which unfortunately is used all too frequently in this court. At the outset it should be made clear that the practice is not approved by the court and is always a potential source of misunderstanding, as well as annoyance to the court.

Section 270b(b) of Title 40, United States Code, provides in pertinent part:

"Every suit instituted under this section shall be brought * * * in the United States District Court for

any district in which the contract was to be performed and executed and not elsewhere, * * * but no such suit shall be commenced after the expiration of one year after the day on which the last of the labor was performed or material was supplied by him."

The parties agree that this provision relates to venue and not to jurisdiction. Such a venue provision confers a personal privilege on a defendant which may be asserted or waived, and is waived where a defendant enters an appearance without claiming the privilege. Lee v. Chesapeake & Ohio Ry., 1923, 260 U.S. 653, 43 S.Ct. 230, 67 L.Ed. 443; United States to Use and Benefit of Bailey-Lewis-Williams of Fla., Inc. v. Peter Kiewit Sons Co. of Canada, Ltd., D.D.C., 1961, 195 F.Supp. 752, affirmed 112 U.S. App.D.C. 99, 299 F.2d 930.

Moreover, 28 U.S.C. 1406(b) provides that, "Nothing in this chapter shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to the venue." In construing this section in Fallbrook Public Util. Dist. v. United States Dist. Court, 9 Cir., 1953, 202 F.2d 942, 944, the court said:

"A 'timely' objection is one interposed no later than the first pleading or motion of a party; all defenses and objections are waived if not presented either by motion or answer, except the defense of lack of jurisdiction or failure to state a cause of action. (Citing cases.) Thus, by filing motions and briefs, and by participating in hearings before the court, petitioner waived its objection to the transfer of venue."

In Farmers Elevator Mut. Ins. Co. v. Carl J. Austad & Sons, Inc., 8 Cir. 1965, 343 F.2d 7, 12, the court suggested "by way of caveat that under Rule 12(b) Fed. R.Civ.P. 28 U.S.C.A., a motion raising objections to venue must be filed within twenty days after service of the summons and complaint".

To the same effect is Nelson v. Victory Elec. Works, Inc., D.Md., 1962, 210 F. Supp. 954, 957, where service was completed on April 4, 1962, and a motion was filed on May 1, 1962. The court said in part: "This belated filing of the motion, unexcused by a stipulation between the parties extending the defendant's time, is fatal, and the defendant must be deemed to have waived his venue privileges."

While no stipulation was filed in the instant case, there was an informal understanding on the part of counsel that defendants would not be required to enter an appearance pending settlement negotiations. Were it not for that understanding, there would be no question that defendants had waived their venue privileges. In view of the fact that informal understandings of this nature have been rather common in this court, although never sanctioned by the court, I am reluctant to hold that defendants have waived their right to object to venue.

Section 1406(a) of 28 U.S.C. provides:

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

This statute has been construed uniformly to require transfer of a cause in the "interest of justice" when dismissal would terminate rights without a hearing on the merits because plaintiff would be barred by a statute of limitations from instituting a new action. The rule was recognized recently by the Supreme Court in Burnett v. New York Cent. R. R., 1965, 380 U.S. 424, 430, 85 S.Ct. 1050, 1055, 13 L.Ed.2d 941, where the Court said in part:

"Thus a federal statute, 28 U.S.C. § 1406(a), allows a district court 'of a district in which is filed a case laying venue in the wrong division or district * * * if it be in the interest of justice,' to 'transfer such case to any district or division in which it could have been brought.' Congress thereby recognized that the

filing of a lawsuit 'itself shows the proper diligence on the part of the plaintiff which * * * statutes of limitation were intended to insure. If by reason of the uncertainties of proper venue a mistake is made * * * "the interest of justice" may require that the complaint * * * be transferred in order that the plaintiff not be penalized by * * * "time-consuming and justice-defeating technicalities." ' Goldlawr, Inc. v. Heiman, 369 U.S. 463, 467 [82 S. Ct. 913, 916, 8 L.Ed.2d 39]."

If this action were dismissed, a new action would be barred by the statute of limitations. It is clear accordingly that dismissal would be improper. On the other hand, giving effect to the informal agreement between counsel, a transfer to the proper venue is appropriate at this time.

Accordingly, it is ordered:

1. The defendants' motion to dismiss is denied.

2. Pursuant to the provisions of 28 U.S.C. 1406(a), the above entitled cause is hereby transferred to the United States Court for the District of Wyoming.