AMERICAN OIL COMPANY, a Corporation, Appellant,

v.

Lawrence S. McMULLIN and Flora B. McMullin, his wife, Lawrence McMullin, his father, Margaret Savage McMullin, aka Margaret Savage, Lee Brooks, et al., Appellees.

AMERICAN OIL COMPANY, Appellant,

v.

Lawrence S. McMULLIN, fdba Slim Olsen Service Station & Cafe, Appellee.

No. 73–70.

United States Court of Appeals, Tenth Circuit.

Nov. 13, 1970.

Joseph G. Hodges, Denver, Colo. (Hodges, Harrington, Kerwin & Otten, and Joseph G. Hodges, Jr., Denver, Colo., and Durham & Swan, and Wayne C. Durham, Salt Lake City, Utah, with him on the brief), for appellant.

Arthur H. Nielsen, Salt Lake City, Utah (Nielsen, Conder, Hansen & Henriod, and David S. Cook, Salt Lake City, Utah, with him on the brief), for appellees.

Before LEWIS, Chief Judge, JOHN R. BROWN, Chief Judge *, and SETH, Circuit Judge.

SETH, Circuit Judge.

This is an appeal in two consolidated removed cases, one from Nevada and one from Utah. The removals and the transfer are challenged on this appeal as well as the action of the trial court in quashing writs of attachment and garnishment in both cases, and in enjoining plaintiff from proceeding under certain liens acquired from others on the attached items.

The actions were commenced by American Oil Company against individual defendants seeking money damages, for money advanced for defendants' benefit for withholding taxes, for goods furnished some defendants, and for property alleged to have been wrongfully converted. The two actions are based upon es-

* Of the Fifth Circuit, Sitting by Designation.

sentially the same facts and causes arising from a lease and operation of a service station and cafe. The Nevada suit was against Lawrence S. McMullin and his wife. The Utah action was against the same defendants and also the father of Lawrence S. McMullin and against other individuals.

The first issue to be considered concerns the effectiveness of the removal of the proceedings from the Utah State court to the United States District Court. This suit was filed by American Oil Company for the recovery of money and goods advanced and for damages. Writs of garnishment and attachment under Utah practice had issued. The named defendants are individuals, two are residents and citizens of Nevada, and the other three of Utah. The plaintiff is a Maryland corporation, and its principal place of business is not in Utah. A petition for removal was filed by all the named defendants, that is, other than John Doe defendants, in which the residence and citizenship of these removing defendants are recited as above indicated. The petition asserts a diversity of citizenship and that the amount in controversy exceeds ten thousand dollars. The case was thereupon removed to the United States District Court for Utah. Motions to quash the writs were then filed by the defendants and granted by the district court. On this appeal the plaintiff challenges the orders to quash, an injunction against it from proceeding as a security holder, and also challenges the removal.

It is apparent that the diversity removal was accomplished although the requirements of 28 U.S.C. § 1441(a) and (b) were not met. These subsections provide:

"(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

"(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

This provision relates to a citizenship or residence requirement which could have been asserted by the defendants, but they instead procured the removal to the Utah federal court although two of them were residents of Nevada. As to the plaintiff, it did not object to the removal at the time, and participated in the removed case as follows:

(1) It stipulated for a transfer of a related case from the Nevada United States District Court to the Utah United States District Court.

(2) It filed a motion in the Utah United States District Court to consolidate the transferred case and the one removed there from the Utah State court.

(3) It filed a motion in the Utah United States District Court, to amend the complaint in the case originally commenced in the Utah State court to increase the damages sought.

(4) It filed a motion for an order to sell the attached motor vehicles.

Thus the issue is whether the improper removal may be waived by the parties, especially here by the plaintiff, and if so was it waived. We hold that under Lee v. Chesapeake & Ohio Ry., 260 U.S. 653, 43 S.Ct. 230, 67 L.Ed. 443, and under our decisions hereinafter discussed, this defect in removal could be waived, and it was so waived or acquiesced in.

In Lee v. Chesapeake & Ohio Ry., 260 U.S. 653, 43 S.Ct. 230, 67 L.Ed. 443, the Court held in effect that a case could be removed to a district court under section 28 of the then Judicial Code, in the face of the predecessor of 28 U.S.C. § 1391 (c), although the venue elements would not have permitted the case to have been brought in such district originally. The Court had before it a case started in the Kentucky State court by a plaintiff who was a citizen and resident of Texas against the Virginia corporation defendant. The plaintiff sought remand in the trial court and was refused. The Supreme Court noted the diversity, referred to the general constitutional jurisdiction of the United States District Courts, quoted what it referred to as the "venue" provisions of the then Code, providing that for suits originally brought in the district courts, they " * * * shall be brought only in the district of the residence of either the plaintiff or the defendant," and concluded that this was a privilege which the defendant could waive. The Court proceeded to hold in effect that the plaintiff could not object generally because the removal was a right given to the defendant, and in any event the case would be heard in the federal district which encompassed the place where it was filed in the State court.

We have held in several cases that defects in removal proceedings and improper removals may be waived. These include Lopata v. Handler, 121 F.2d 938 (10th Cir.); Parks v. Montgomery Ward & Co., 198 F.2d 772 (10th Cir.), and Donahue v. Warner Bros. Pictures, 194 F.2d 6 (10th Cir.). See also, Craig v. Champlin Petroleum Co., 421 F.2d 236 (10th Cir.), for a related issue. In Donahue a petition for removal was filed by two corporate defendants on the ground that separate causes were asserted against them which if brought separately could have been removed. The cause was removed from the Utah State court and the removal was not challenged by the plaintiffs. The defendants seeking removal were alleged in the complaint to be New York and Delaware corporations. There were also named several individual defendants who were residents and citizens of Utah. The court found that there were not separate causes alleged under 28 U.S.C. § 1441(c), but that there was complete diversity between the plaintiffs and the defendants, and the requisite amount was in controversy. "Therefore the action was one falling within the original jurisdiction of the United States Court for Utah, and plaintiffs could have instituted it in that court in the first instance." The court also found that the plaintiffs after removal filed an amended complaint and proceeded with the action. We held that the case was within the general jurisdiction of the court and even though removal "is [wholly] unauthorized, and plaintiff acquiesces in such removal * * *, that court acquires jurisdiction of the subject matter." In Parks v. Montgomery Ward & Co., 198 F.2d 772 (10th Cir.), we considered a removal action brought in Kansas against the store, an Illinois corporation, by a Kansas citizen and resident for an amount exceeding three thousand dollars. The defendant in the removal proceeding apparently did not file notice as required in the State court. We there held the defect could be waived and said:

"But where a suit of which the United States Court may entertain original jurisdiction is instituted in the state court and the defendant obtains its removal, even though the removal is irregular, defective, or unauthorized, and plaintiff acquiesces in such removal by seeking relief from the United States Court, that court acquires jurisdiction of the subject matter."

The defect we held could be waived in Lopata v. Handler, 121 F.2d 938 (10th Cir.), arose in a case removed from the Oklahoma State court where the plaintiffs were citizens of Iowa, a corporate defendant a Delaware corporation, and the other defendants were individual citizens and residents of Oklahoma. The individual defendants sought and secured

the removal. General jurisdiction otherwise existed and it was held that the case would not be remanded. Reference is made to the place of trial as being defined but is for the convenience of the parties and "subject to their disposition."

█ Thus under these authorities, we hold that the defective removal here considered may be waived by acquiescence of the parties and was so waived by the defendants, of course, by seeking the removal, and by the plaintiff by not objecting and by proceeding with the suit as described above.

The disposition of the defective removal issue is in accordance with established authorities as described above. It does however present a sharp contrast to the disposition of the somewhat similar problem relating to the transfer of the Nevada removed case to the United States District Court for Utah from which we received this appeal in the consolidated cases.

█ The validity of the transfer of the case commenced in the Nevada State courts by the American Oil Company, and brought against two of the defendants in the Utah case, is decided by Hoffman v. Blaski, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254. There a section 1404(a) transfer was sought by the defendant to which the plaintiff objected. The Supreme Court held the portion of 28 U.S.C. § 1404(a) allowing a transfer to be made to a district where the action " * * * might have been brought," did not mean a district where the action could only have been brought if venue was waived. The Court then relied upon the particular wording and held the transfer was improper. We must follow Hoffman on the transfer of the Nevada case in its holding that the improper transfer was a matter of jurisdiction and not of venue. Thus under Hoffman the Utah court did not acquire jurisdiction to adjudicate the case, and it is directed that the district court transfer the case back to the United States District Court for Nevada.

On this appeal the appellant challenges the orders of the district court in the Utah case which granted McMullin's motions to quash writs of attachment, return of property, and writs of garnishment. The court further enjoined American Oil from taking any action to foreclose liens or seize property pending further hearing or until further order of the court.

American had sued McMullin in a Nevada State court as above described, and writ of attachment issued and a truck and trailer plus other equipment were seized by a Nevada sheriff. That case was removed to the United States District Court for the District of Nevada and erroneously transferred to the United States District Court for the District of Utah.

American also sued McMullin, his father, his wife, and other family members in a Utah State court. Through writs of attachment and garnishment a truck, automobile, certain credits on deposit, and receivables were seized. The removal of this case to the Utah federal court and consolidation with the case originating in Nevada has been considered herein.

McMullin filed motions to quash the writs of attachment and garnishment issued by the Utah State court and motions to quash writs of attachment and for return of property obtained in the Nevada State court. A preliminary injunction or restraining order was also sought. The grounds for the motion were that the property had been seized without notice and without an opportunity to be heard and of the hardship on McMullin prior to a determination on the merits. The parties appeared for a hearing on the motions. The court quashed all the writs of attachment and garnishment and ordered American to return all the seized property. The court also restrained American from foreclosing any liens or seizure of any property pending further hearing or until further order of court.

**1096**

■ The United States District Court for the District of Utah entered two orders. The first of these orders quashed certain writs of attachment and garnishment which had been issued in the Utah State courts. Secondly, the district court ordered that plaintiff be prohibited from taking any further action to foreclose certain liens on defendants' property or from seizing or disposing of defendants' property. The issue of appealability of these orders has been raised and while there is some lack of clarity as to what constitutes an appealable final order under 28 U.S.C. § 1291, in our opinion the order quashing the writs was properly appealed. In so holding we apply the test of Cohen v. Beneficial Loan Corp., 337 U.S. 541, at page 546, 69 S.Ct. 1221, at page 1225, 93 L.Ed. 1528, where the Court said:

> "This decision appears to fall in that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated."

See also, Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 441, 76 S.Ct. 895, 100 L.Ed. 1297 (1956); Swift & Co. Packers v. Compania Colombiana Del Caribe, 339 U.S. 684, 70 S.Ct. 861, 94 L.Ed. 1206 (1950); United States v. Wood, 295 F. 2d 772 (5th Cir. 1961); Glaser v. North American Uranium & Oil Corp., 222 F.2d 552 (2d Cir. 1955).

■ The second order is arguably appealable under either 28 U.S.C. § 1291 or 1292. It appears to be a preliminary injunction rather than a temporary restraining order. No time limit is stated in the order. Section 1292 specifically provides for appeals from preliminary injunctions. Furthermore, since the subject of this order is certain liens which are not even at issue in the principal lawsuit, it could be said that this is a "final decision" appealable under § 1291. This is so because if there were no appeal al-

lowed at this time, there may never be a timely appeal. The outcome of the principal case will have no bearing on the question of these liens. The policy of preventing piecemeal appeals would in no way be furthered by denying this appeal. Accordingly, we hold that this second order is also appealable.

■ Having determined that the Nevada action was improperly transferred to the United States District Court for the District of Utah, we consider only the writs of attachment and garnishment in the Utah action. Appellee argues that these writs were properly quashed because of the recent case of Sniadach v. Family Finance Corp., 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969). However, it appears from the record that the attachments as to which Sniadach could be argued were made pursuant to the writs of attachment in the Nevada action. Those attachments, in view of the defective transfer, were not properly before the Utah district court. The attachments and garnishments which were properly before the Utah district court were neither attachments of business property nor garnishments of wages. We do not think that Sniadach was intended to preclude all attachments and garnishments merely because some hardship may result. See, Brunswick Corp. v. J & P, Inc., 424 F.2d 100 (10th Cir. 1970). After the retransfer of the Nevada action, we do not find Sniadach applicable. The Utah writs should not have been quashed on constitutional grounds.

However, a substantive question remains concerning the writs. It is alleged on appeal and was mentioned in the hearing below that the affidavits in support of these writs did not comply with the requirements of the Utah Rules of Civil Procedure 64C and 64D. We can find no direct consideration of this question in the proceedings of the trial court. In view of the change occasioned by our retransfer of the Nevada action, and in view of our decision on the applicability of Sniadach, this question of the sufficiency of the affidavits supporting the Utah writs would more properly be con-

sidered by the trial court on remand than on appeal.

As to the question of whether the preliminary injunctions should have been issued, we start with the proposition that they are not to be set aside without a strong showing within the doctrines. In Crowther v. Seaborg, 415 F.2d 437 (10th Cir. 1969), we noted:

"Before an appellate court may set aside that [trial] court's action, the appellate court must be able to say that the trial court's action, as a matter of law, was clearly erroneous or that it was the result of an improvident exercise of judicial discretion."

Also:

"In hearings upon motions for temporary or preliminary injunctive relief, the burden is upon the one requesting such relief to make a prima facie case showing a reasonable probability that he will ultimately be entitled to the relief sought."

See also, Continental Oil Co. v. Frontier Refining Co., 338 F.2d 780 (10th Cir.), and Atomic Oil Co. of Oklahoma, Inc. v. Bardahl Oil Co., 419 F.2d 1097 (10th Cir.).

█ Under the circumstances before us we must hold that the injunction, the order of December 18, 1969, directing that no action be taken by American Oil Company on the liens, was clearly erroneous. Not only was there no showing by appellees that they might somehow "prevail" in a suit concerning these liens, these liens were never at issue in this case until mentioned by counsel for the appellees in the hearing on December 10, 1969. The liens in question will, so far as we can see from the record, in no way be affected by the outcome of this case when pursued to judgment on the merits. Therefore the order of December 18, insofar as it relates to the liens which are unrelated to the issues in this case, is set aside.

The case is reversed and remanded for further proceedings in accordance with this opinion.