Richard M. SOBOL, Plaintiff, Appellant,

v.

HECKLER CONGRESSIONAL COMMITTEE, Defendant, Appellee.

No. 82–1843.

United States Court of Appeals, First Circuit.

Argued March 9, 1983.

Decided June 17, 1983.

Carol A. Donovan, Boston, Mass., with whom Robert L. Sheketoff, and Zalkind & Sheketoff, Boston, Mass., were on brief, for plaintiff, appellant.

Barbara J. Levine, Brighton, Mass., with whom Edward R. Lev, Edward Woll, Jr., and Sullivan & Worcester, Boston, Mass., were on brief, for defendant, appellee.

Before COFFIN, Chief Judge, BOWNES, Circuit Judge, and MALETZ,* Senior Judge.

PER CURIAM.

Plaintiff-appellant appeals from the district court's dissolution of an attachment by trustee process of defendant-appellee's bank account. We dismiss for lack of appellate jurisdiction.

The dispute in this case involves the defendant's unauthorized use of a photograph taken by plaintiff in his capacity as campaign photographer for Congressman Barney Frank. Plaintiff claims that this use violated the federal copyright laws. On November 3, 1982, the district court granted plaintiff's motion for an attachment by trustee process of funds in the bank account of defendant. This motion was granted after an ex parte hearing in accord with Massachusetts Rule of Civil Procedure 4.2(g). *See* Fed.R.Civ.P. 64 ("all remedies providing for seizure of person or property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action are available under the circumstances and in the manner provided by the law of the state in which the district court is held"). Under Massachusetts law such ex parte relief is available if the court finds that, *inter alia,* plaintiff is likely to succeed on the merits of his or her claim and that any recovery will be in an amount equal to or greater than the amount secured by trustee process.

On November 8, 1982, defendant moved, pursuant to Massachusetts Rule of Civil Procedure 4.2(h), to dissolve the attachment. Defendant based its motion on two grounds: first, that plaintiff was not likely to succeed on the merits, and second, that under Massachusetts law trustee process was unavailable since plaintiff sought to recover for damage to his business reputation. After a chambers conference with the parties on November 10, the district court dissolved the attachment without opinion and without stating its reasons on the record. That same day plaintiff filed his notice of appeal.

Because plaintiff chose to appeal without requesting that the district court enter specific findings to support its order, we are left in the position of reviewing the order without knowing on what ground it was issued. Given the time frame in which the sequence of events occurred, we think it unlikely that the district court rested its decision on the difficult state law question of whether trustee process was available to plaintiff. We thus assume that the district court, after hearing defendant's side of the case, concluded that plaintiff was not likely to succeed on the merits.

Under these circumstances, we do not think that the district court's dissolution of the attachment is appealable under the collateral order exception of *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). It is well settled that to come within this exception "the order being appealed must be a final order that presents an issue of

law, not one of discretion, that is separable from the issues to be presented at trial, and that cannot await resolution until appeal from the final judgment because irreparable harm would be probable." *Midway Manufacturing Co. v. Omni Video Games, Inc.*, 668 F.2d 70, 71 (1st Cir.1981); *See, e.g., Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, —— U.S. ——, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983); *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 2457–58, 57 L.Ed.2d 351 (1978); *United States v. Sorren*, 605 F.2d 1211, 1213 (1st Cir.1979), *quoted in In re Continental Investment Corp.*, 637 F.2d 1, 4 (1st Cir. 1980), *and United States v. Alcon Laboratories*, 636 F.2d 876, 884 (1st Cir.), *cert. denied*, 451 U.S. 1017, 101 S.Ct. 3005, 69 L.Ed.2d 388 (1981).

We reject plaintiff's blanket assertion that orders dissolving attachments are immediately appealable. In *Swift & Co. Packers v. Compania Columbiana Del Caribe, S.A.*, 339 U.S. 684, 70 S.Ct. 861, 94 L.Ed. 1206 (1950), the Supreme Court held that such an order was appealable under the collateral order exception enunciated in *Cohen. See id.* at 688–89, 70 S.Ct. at 864–65. But in that case the district court, sitting in admiralty, dissolved the attachment because it believed it was without power to examine some of the issues necessary to grant the attachment. Thus, the issue for the reviewing court was whether the district court was wrong in concluding that it lacked such power. This issue had nothing to do with the underlying dispute, which involved a negligent loss of cargo. It was, thus, collateral to the merits of the case.

The same is true of other federal appellate cases granting review of orders denying or dissolving attachments or other prejudgment security devices. There is no blanket rule allowing review; rather, the district court orders reviewed involved legal issues separable from the merits of the underlying disputes. *See, e.g., Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (district court held state statute requiring plaintiff to post security not applicable to ongoing federal proceedings); *Chrysler Corp. v. Fedders Corp.*, 670 F.2d 1316 (3d Cir.1982) (district court vacated *lis pendens* notice because *lis pendens* statute unconstitutional); *American Oil Co. v. McMullin*, 433 F.2d 1091 (10th Cir.1970) (district court quashed writs of attachment on ground that procedure for obtaining writs unconstitutional); *cf. Baxter v. United Forest Products Co.*, 406 F.2d 1120 (8th Cir.) (per curiam) (reviewing order granting attachment because district court failed to follow state law), *cert. denied*, 394 U.S. 1018, 89 S.Ct. 1635, 23 L.Ed.2d 42 (1969). We agree with Judge Friendly's analysis in *Donlon Industries, Inc. v. Forte*, 402 F.2d 935 (2d Cir.1968):

> Whether a court has power to require [a security] undertaking is an issue of law, and an appellate decision will settle the matter not simply for the case in hand but for many others—as was notably true with the important issue in *Cohen.* In contrast, where the question is the propriety of an exercise of discretion in denying security, the factual variations are so numerous that a judgment on appeal can do little to establish meaningful standards. Furthermore, since review would be limited to "abuse" of discretion, the likelihood of reversal is too negligible to justify the delay and expense incident to an appeal and the consequent burden on hardpressed appellate courts.

*Id.* at 937.

Applying these principles to the district court order on appeal, we must deny review. First, because the dissolution turns on the particular facts of this case, our review at this interlocutory stage would not resolve an important legal issue. Rather, we would review a fact-specific exercise of discretion that would not be of any assistance in future cases. *See The Bridge Construction Corp. v. City of Berlin*, 705 F.2d 582 at 583–84 (1st Cir. April 29, 1983); *United States v. Alcon Laboratories*, 636 F.2d at 885. Moreover, were we to grant review, the issue before us would be whether the district court erred in concluding that plaintiff did not show a likelihood of success on the merits. The issue before us would

**132**

not be collateral to the merits; we would be " 'enmeshed in the factual and legal issues comprising the plaintiff's cause of action.' " *Coopers & Lybrand v. Livesay,* 437 U.S. at 469, 98 S.Ct. at 2458 (quoting *Mercantile National Bank v. Langdeau,* 371 U.S. 555, 558, 83 S.Ct. 520, 522, 9 L.Ed.2d 523 (1963) ) (footnote omitted).

We do not think that our refusal to review the dissolution of the attachment at this stage of the proceedings will cause irreparable harm to plaintiff. He has not convinced us that if he prevails on the merits of his claims, the assets of defendant will not be sufficient to satisfy a judgment. Furthermore, plaintiff has also joined Elliot Curson Advertising, Ltd., as a defendant in this dispute. There is no indication in the record that this defendant will be unable to satisfy a judgment rendered in plaintiff's favor.

*The appeal is dismissed.*

