SNEED, Circuit Judge:
 

 Donn Kemble appeals from the orders of the district court withdrawing a reference to the bankruptcy court and lifting the automatic stay to permit completion of a trial pending in the district court. We lack jurisdiction to review the order withdrawing the reference; however, we affirm the district judge’s treatment of the automatic stay.
 

 I.
 

 FACTS AND PROCEEDINGS BELOW
 

 This appeal has its origin in a contract dispute between Packerland Packing Co. (Packerland) and the Griffith Brokerage Co. (the Griffiths) that arose in June 1979. The Griffiths consulted their attorney, Donn Kemble (Kemble), who advised them to withhold payment from Packerland. Kemble helped the Griffiths form a corporation to which they transferred certain assets in violation of security agreements with Packerland. Packerland sued both Kemble and the Griffiths in the District Court of the Central District of California. Excerpt of Record (E.R.) at 140-43. On March 16, 1982, Packerland and the Grif-fiths entered into a settlement.
 

 On June 9, 1982, judgment was entered against Kemble for conversion and for conspiracy to commit a fraudulent conveyance. The court found damages of $337,000 with approximately $65,000 in interest. E.R. at 170. We affirmed the trial court’s finding of liability in October 1983 but remanded for retrial on the damages issue (hereinafter referred to as the “damages retrial”).
 
 Packerland Packing Co. v. Griffith Brokerage Co.,
 
 722 F.2d 746 (9th Cir.1983) (mem.).
 

 Before this circuit’s decision was rendered, however, Kemble filed a voluntary bankruptcy petition with the United States Bankruptcy Court for the Central District of California. Packerland filed a complaint in the bankruptcy proceeding seeking a determination that the judgment Kemble owed to Packerland was not dischargeable in bankruptcy (hereinafter referred to as
 
 *804
 
 the “dischargeability action”).
 
 [1]
 
 In April 1983, while the appeal of the district court judgment with respect to damages and interest was still pending before the Ninth Circuit, Packerland filed a motion in the district court to withdraw reference of the dischargeability action from the bankruptcy court. The district court denied that motion on June 27, 1983.
 

 From January until April 1984, the parties prepared for the damages retrial in the district court. Kemble undertook substantial discovery.
 
 See
 
 E.R. at 347-49. Kem-ble also engaged in substantial negotiation of a pretrial conference order.
 
 See id.
 
 at 348-49. On March 14, 1984, the parties signed and filed that order. The case was set for trial on April 17,1984. On April 12, both parties filed trial briefs.
 

 Throughout the preparations for trial Kemble exhibited a tendency to act in a dilatory manner. For example, he deposed at least six witnesses whom he had already deposed in preparation for the initial trial.
 
 See id.
 
 at 347-49. Also he moved the court to reinstate as a defendant a California bank that had been dismissed from the suit pursuant to a stipulation Kemble had signed.
 
 See id.
 
 at 344, 347. And he refused to agree to proposals for pretrial conference orders because they included stipulated facts from the pretrial conference order Kemble had signed before the first trial.
 
 See id.
 
 at 348-49. Finally, on April 10, just seven days before the scheduled date for the damages retrial, Kemble removed the retrial from the district court to the bankruptcy court.
 
 [2]
 

 On April 16, one day before the scheduled trial, Packerland filed an
 
 ex parte
 
 application in the district court requesting withdrawal of reference of the damages retrial and also requesting relief from the bankruptcy court’s automatic stay to permit the damages retrial to go forward. In addition, the
 
 ex parte
 
 application requested the district court to reconsider its June 27, 1983 denial of Packerland’s first motion to withdraw reference of the dischargeability action. On April 16, Kemble’s counsel for the damages 'retrial in district court was served with Packerland’s application and informed that a hearing would be held on that application on the following day, April 17. Kemble’s bankruptcy counsel, who was handling the dischargeability action, was not served with the application, however.
 

 On April 17, 1984, the district court held the hearing on Packerland’s
 
 ex parte
 
 application. Kemble, Kemble’s bankruptcy counsel, and Kemble’s counsel for the damages retrial were present. The court
 
 *805
 
 granted Packerland’s application. Kem-ble’s appeal from that order is before this court.
 
 [3]
 

 II.
 

 JURISDICTION
 

 Normally we have jurisdiction only over appeals from final orders of district courts. 28 U.S.C. § 1291 (1982).
 
 [4]
 
 What orders are final for purposes of the statute is not always clear.
 
 See
 
 9 J. Moore, B. Ward & J. Lucas, Moore’s Federal Practice ¶¶ 110.-06-.13 (2d ed. 1985) [hereinafter cited as Moore’s Federal Practice]; 15 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure §§ 3905-3919 (1976 & Supp. 1985) [hereinafter cited as Wright, Miller & Cooper]. The order in this case is not final within the ordinary meaning of the word. The damages retrial remains to be conducted and dischargeability remains to be determined.
 

 The courts have recognized some special exceptions to the finality requirement “so as to avoid causing serious harm by delaying the appeal,”
 
 Crocker National Bank v. American Mariner Industries (In re American Mariner Industries),
 
 734 F.2d 426, 428 (9th Cir.1984).
 
 See Cohen v. Beneficial Industrial Loan Corp.,
 
 337 U.S. 541, 545-47, 69 S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949) (collateral order doctrine);
 
 Forgay v. Conrad,
 
 47 U.S. (6 How.) 201, 203-04, 12 L.Ed. 404 (1848) (Taney, C.J.) (allowing appeals from orders in bankruptcy proceedings annulling deeds as fraudulent).
 

 A.
 
 The Automatic Stay
 

 We begin with some common ground. The parties agree that, under these principles, this court has jurisdiction over the appeal regarding relief from the automatic stay. This circuit addressed a similar question in
 
 Crocker National Bank v. American Mariner Industries (In re American Mariner Industries),
 
 734 F.2d 426, 428-29 (9th Cir.1984). The panel in that case held that a circuit court had jurisdiction over an appeal from an order
 
 denying
 
 relief from the automatic stay. That court’s reasoning is equally applicable to a case
 
 granting
 
 relief from the automatic stay:
 

 Congress intended the courts to conclusively and expeditiously adjudicate, apart from the bankruptcy proceedings as a whole, complaints for relief from the automatic stay. Immediate appeal from decisions of the bankruptcy appellate panel is plainly necessary to fulfill such congressional intent. We hold, therefore, that decisions of the bankruptcy courts
 
 granting
 
 or denying relief from the automatic stay under section 362(d) are final decisions reviewable by this court.
 

 Id.
 
 at 429 (emphasis added). Moreover, the case on which the
 
 Mariner
 
 panel relied accepted an appeal from an order granting relief from the stay.
 
 See Growth Realty Companies v. Regency Woods Apartments (In re Regency Woods Apartments, Ltd.),
 
 686 F.2d 899 (11th Cir.1982). Accordingly, we have jurisdiction over the appeal from the district court’s order granting relief from the automatic stay.
 

 B.
 
 The Withdrawal of Reference
 

 Resolution of the withdrawal of reference issue, however, is not so clear. The reference procedure was instituted to deal with the constitutional problems pointed out by the Supreme Court in
 
 Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,
 
 458 U.S. 50, 102 S.Ct. 2858,
 
 *806
 
 73 L.Ed.2d 598 (1982) (invalidating the Bankruptcy Act of 1978 for unconstitutionally delegating Article III judicial powers to non-Article III judges). Accordingly, it is not surprising that few courts have addressed the appealability of orders withdrawing reference to a bankruptcy judge. The only court that has addressed the issue,
 
 Dalton v. United States (In re Dalton),
 
 733 F.2d 710, 714-15 (10th Cir.1984), held that such an order was not appealable. This circuit has not yet addressed this question. To respond to the question we must review precedents concerning similar issues.
 

 Perhaps the most closely analogous common pretrial order is an order transferring venue from one district court to another. The rule regarding such orders is clear; they may not be appealed until final judgment.
 
 [5]
 
 Another analogous situation is a district court order referring a case to a magistrate. At least one circuit has found this type of order to be unappealable for lack of finality.
 
 See Loral Corp. v. McDonnell Douglas Corp.,
 
 558 F.2d 1130, 1132 (2d Cir.1977).
 

 Appellants rest their claim for jurisdiction on the collateral order doctrine articulated in
 
 Cohen v. Beneficial Industrial Loan Corp.,
 
 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). Professor Wright has suggested that this rule has four requirements: (1) that the lower court’s order is not “ ‘tentative, informal or incomplete’ (2) that the matter reviewed be “ ‘separable from, and collateral to, rights asserted in the action’ (3) that there be a “risk of important loss if present review is not available”; and (4) that the merits of the case involve “ ‘a serious and unsettled question.’ ” 15 Wright, Miller & Cooper ¶ 3911, at 470-71 (1976) (quoting
 
 Cohen,
 
 337 U.S. at 546-47, 69 S.Ct. at 1225-26.)
 

 Whatever the case with respect to the first three requirements, it is clear that this case cannot meet the last requirement, that a case involve “a serious and unsettled question.” The appellant basically asks us to review the exercise of discretion by the district judge to withdraw the reference of the damage retrial and dischargeability to the bankruptcy judge. Ordinarily we should not use the collateral order doctrine to examine the exercise of discretion by trial judges.
 
 See id.
 
 at 471-72. We agree with the
 
 Dalton
 
 court. Therefore, we do not have jurisdiction over interlocutory appeals from orders withdrawing reference of cases to the bankruptcy court.
 

 III.
 

 THE MERITS
 

 There exists an exception to the above principle because of
 
 Crocker National Bank v. American Mariner Industries, supra.
 
 We may review the lifting of the automatic stay even though that action involves the discretion of the district court.
 
 [6]
 
 We have held that “decision[s] relating to the automatic stay may be overturned only if there is an abuse of discretion.”
 
 Tucker v. Sambo’s Restaurants, Inc. (In re Sambo’s Restaurants, Inc.),
 
 38 B.R. 764, 765 (9th Cir.B.A.P.1984).
 

 
 *807
 
 The district court’s actions in this case clearly did not constitute an abuse of discretion. Many cases have held that a district court may properly consider the factor of judicial economy in deciding whether to lift an automatic stay.
 
 See Transamerica Insurance Co. v. Olmstead (In re Olmstead),
 
 608 F.2d 1365, 1368 (10th Cir.1979);
 
 Harris v. Fidelity & Deposit Co. (In re Harris),
 
 7 B.R. 284 (S.D.Fla.1980). The prior extensive preparation for the damages retrial made proceeding with that trial efficient. The decision to lift the stay could be upheld on this ground alone. Moreover, Kemble’s dilatory behavior properly could have influenced the court’s decision.
 
 See In re Victory Construction Co.,
 
 9 B.R. 549 (Bankr.C.D.Cal.1981);
 
 Grand Hudson Corp. v. GSVC Restaurant Corp. (In re GSVC Restaurant Corp.),
 
 10 B.R. 300 (S.D.N.Y.1980).
 

 In many ways it is unfortunate that this appeal was taken. Let us hope that this case can be concluded forthwith.
 

 AFFIRMED IN PART, DISMISSED IN PART.
 

 [1]
 

 . As a general rule, a bankruptcy proceeding discharges a debtor's liability on his debts.
 
 See
 
 11 U.S.C. §§ 727(b), 1141(d)(1)(A), 1328(a) (1982); 3 Collier on Bankruptcy ¶ 523.01 (L. King 15th ed. 1985) [hereinafter cited as Collier’s], Section 523, however, lists several exceptions to this rule. These types of debts cannot be discharged in liquidation proceedings under chapter 7 or in reorganization proceedings under chapter 11, though most of them can be discharged in a wage-earner’s plan under chapter 13.
 
 See
 
 3 Collier’s ¶ 523.03. Packer-land claimed that its debt from Kemble was nondischargeable either because it was "for fraud or defalcation while acting in a fiduciary capacity,” 11 U.S.C. § 523(a)(4) (1982), or because it was "for willful and malicious injury by the debtor to another entity,”
 
 id.
 
 § 523(a)(6).
 
 See
 
 Excerpt of Record at 160.
 

 [2]
 

 . Under Bankruptcy Rule 9027(d), removal is "effected on the filing of a copy of the removal application with the clerk of the court from which the claim or cause of action is removed. The parties shall proceed no further in that court unless and until the claim or cause of action is remanded.”
 

 In the wake of
 
 Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,
 
 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) (invalidating the Bankruptcy Act of 1978 for unconstitutionally delegating Article III judicial powers to non-Article III judges), the relation between the district court and bankruptcy court was restructured. Under the
 
 post-Marathon
 
 procedure, all cases heard by the non-Article III bankruptcy judges were held by delegation of the jurisdiction of the Article III District Court judges. A new procedural rule allowed this reference to take place automatically. Emergency Interim Local Rule of the United States District Court, Central District of California, Local Rules Governing Bankruptcy Cases and Proceedings [hereinafter cited as Marathon Rules]. More important for this case, it allowed the district court to revoke that reference at any time. Marathon Rule ¶ c(2).
 

 [3]
 

 . Meanwhile, the damages retrial has proceeded. The district court again entered judgment against Kemble for $363,081.13 in damages plus $176,168.95 in interest, attorney's fees, and costs. Kemble’s appeal from that verdict is before another panel of this court in Case No. 84-6151.
 

 [4]
 

 . The major exception to this rule is in 28 U.S.C. § 1292(a)(1) (1982) (allowing interlocutory appeals from injunctions). Neither party has argued that this section applies to interlocutory bankruptcy orders. Moreover, the only circuit court that has addressed this issue squarely rejected any such idea.
 
 See Growth Realty Companies v. Regency Woods Apartments (In re Regency Woods Apartments, Ltd),
 
 686 F.2d 899, 901 (11th Cir.1982). We will not rest our jurisdiction on this slender reed.
 

 [5]
 

 . See,
 
 e.g., Kasey v. Molybdenum Corp. of Am.,
 
 408 F.2d 16, 18 (9th Cir.1969); 9 Moore’s Federal Practice ¶ 110.13[6]; 15 Wright, Miller & Cooper § 3914, at 547-48 (1976).
 
 But cf. Pacific Car & Foundry Co. v. Pence,
 
 403 F.2d 949, 952 (9th Cir.1968) (extolling the virtues of interlocutory review of a venue transfer order; granting writ of mandamus);
 
 United States v. Berkowitz,
 
 328 F.2d 358, 360 (3d Cir.1964) (allowing appeal from a refusal to transfer venue because the order effectively terminated the plaintiffs lawsuit).
 

 Review of these orders is available, however, by writ of mandamus. Of course that writ will issue only in cases where the error in the trial court's decision is obvious.
 
 See, e.g., American Fidelity Fire Ins. Co. v. United States Dist. Court,
 
 538 F.2d 1371, 1374 (9th Cir.1976);
 
 Pacific Car & Foundry Co. v. Pence,
 
 403 F.2d 949, 951-52 (9th Cir.1968); Moore’s Federal Practice ¶ 110.-13[6], at 175-77. Appellant has not requested such relief in this case.
 

 [6]
 

 . Appellee argues that the district judge did not even need to lift the stay. He argues that the damages retrial was no more than a determination of a claim by the judge handling the bankruptcy proceedings, a routine proceeding in bankruptcy that does not violate the automatic stay. Because the judge's action was so clearly not an abuse of discretion, we need not address this point.