**In re UNITED STATES BRASS CORPORATION, Debtor.**

**Bankruptcy No. 94–40823.**

United States Bankruptcy Court,
E.D. Texas,
Sherman Division.

Dec. 19, 1994.

Patrick Kelley, Ireland, Carroll & Kelley, P.C., Tyler, TX, for debtor.

Daniel A. Hyde, Vinson & Elkins, L.L.P., Houston, TX, for defendant Shell Oil Co.

Anne M. Ferazzi, Verner, Liipfert, Bernhard, McPherson and Hand, Chartered, Houston, TX, for plaintiffs.

## OPINION

DONALD R. SHARP, Bankruptcy Judge.

COMES NOW before the Court for consideration the Emergency Motion of Shell Oil Company for Relief from the Automatic Stay ("Lift Stay Motion"). This opinion constitutes findings of fact and conclusions of law to the extent required by Fed.R.Bank.P. 7052 and disposes of all issues before the Court.

### FACTUAL AND PROCEDURAL BACKGROUND

United States Brass Corporation ("Debtor") filed its voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in this Court on May 23, 1994 (the "Filing").

Prior to the Filing, judgment had been entered in three state court actions: *Amstadt, et al. v. United States Brass Corporation* ("Amstadt"); *United States Brass Corporation, et al. v. Kochie, et al.* ("Kochie"); and *United States Brass Corporation, et al. v. Andraus, et al.* ("Andraus"). Each of these state court actions involved the claims of homeowners for defects in the polybutylene plumbing systems in their houses and were brought against various defendants, including the Debtor and Shell.

After judgments were entered in each of the three state court actions, they were appealed to the Court of Appeals. The Court of Appeals issued, on the same day, its opinion in each of these cases.

The Supreme Court of the State of Texas granted applications for *writ of error* in each of the three cases, and granted Shell's motion to consolidate the three cases for the purpose of oral arguments. Oral arguments are currently pending before the Supreme Court.

All three cases were consolidated for hearing before the Supreme Court on the issue of the scope of DTPA liability for a remote supplier or manufacturer of a component part of a consumer good that had no connection with the ultimate consumer of that good and that received no benefit from the consumer. Specifically, the Supreme Court granted *writ* to determine whether to subject a defendant to DTPA liability, an alleged deceptive act must be committed in connection with a transaction as to which the plaintiff is a consumer ("DTPA Issue").

Shell has previously removed to this Court approximately twenty (20) state court proceedings, in each of which the Debtor and Shell are co-defendants. Those proceedings have now been remanded back to state court ("Remanded Suits"). In each of those Remanded Suits in which the law of the State of Texas is applicable, the DTPA Issue has been asserted by the plaintiffs as grounds of liability against both the Debtor and Shell.

Shell has filed this Lift Stay Motion in order to proceed with oral argument before the Supreme Court and obtain a resolution of the DTPA Issue. Shell does not propose to attempt to enforce judgment against Debtor outside the bankruptcy claims process.

Debtor does not oppose the Lift Stay Motion. Debtor believes that the best interest of the estate would be served by allowing Debtor to participate in oral argument since resolution of the DTPA Issue will affect Debtor's liability in the Remanded Suits.

The only party opposing the Lift Stay Motion appears to be the plaintiffs in the Remanded Suits.

### DISCUSSION

This case presents the Court with an interesting issue. Can a creditor seek the protection of the automatic stay against the interest of the Debtor? This Court believes the answer must be an emphatic no.

■ It is clear that the purpose of the automatic stay is to protect the debtor and the estate from creditors and provide the debtor with a breathing spell in order to accommodate the development of a reorganization. *Wedgeworth v. Fibreboard Corp.,* 706 F.2d 541, 544 (5th Cir.1983); *Lynch v. Johns–Manville Sales Corp.,* 710 F.2d 1194, 1197 (6th Cir.1983); See S.Rep. No. 989, 95th Cong., 2d Sess., 54–55, *reprinted in* [1978] U.S.Code Cong. & Admin.News 5787, 5840–41.

Furthermore, courts have uniformly refused to extend the automatic stay to include

co-defendants. *Wedgeworth,* 706 F.2d at 544; *Lynch,* 710 F.2d at 1196.

Clearly, the primary purpose of the automatic stay is to protect the Debtor and the estate, not to protect other parties.

However, the automatic stay does have the secondary effect of protecting creditors by preventing a race for the debtor's assets. *Wedgeworth,* 706 F.2d at 544; *Lynch,* 710 F.2d at 1197; See H.R.Rep. No. 595, 95th Cong., 2d Sess., 340, *reprinted in* [1978] U.S.Code Cong. & Admin.News 5787, 6297. This appears to be the real basis for the objection by the plaintiffs in the Remanded Suits.

At the time this Lift Stay Motion was originally filed, there was pending before the Court a Motion to Remand the twenty (20) state suits previously referred to as Remanded Suits. As discussed earlier, that motion was granted and the twenty (20) state suits have been remanded to state court.

Plaintiffs in the Remanded Suits contention was that they would be prejudiced if Shell was allowed to proceed with their appeal while the plaintiffs were prevented from proceeding in state court because there had been no ruling on the Motion to Remand. Since the remand was granted, this issue is moot.

■ Moreover, this Court believes there is cause for modifying the stay in this case.

■ The automatic stay may be modified for cause. 11 U.S.C. § 362(d)(1). The *Curtis* case sets out the twelve factors be considered when determining cause. *In re Curtis,* 40 B.R. 795, 799–800 (Bkrtcy.D.Utah 1984). These factors need not be assigned equal weight, and only those factors relevant to the particular case need to be considered. *In re Keene Corp.,* 171 B.R. 180 (Bkrtcy.S.D.N.Y. 1994).

In the present case, the appeal will resolve an important issue, the DTPA Issue. The Debtor has an interest in participating in the resolution of this issue because it will affect the resolution of future litigation.

The Supreme Court of the State of Texas is undeniably the best forum in which to resolve this issue. The DTPA Issue involves solely state law and, by granting *writ of error,* the Supreme Court has expressed an interest in resolving this issue.

■ The factor of judicial economy may be considered in deciding whether to lift the automatic stay; in fact, a decision to lift the stay may be upheld on this ground alone. *In re Kemble,* 776 F.2d 802, 807 (9th Cir.1985).

The Supreme Court is ready to proceed with oral argument. The Supreme Court can dispose of this issue more quickly than this Court could.

Moreover, the costs and effort required by the Debtor are minimal at this stage in the proceeding.

This Court does not believe that any party will be prejudiced by allowing oral argument to proceed. It is therefore

ORDERED that the automatic stay is hereby modified for the limited purpose of proceeding with oral argument before the Supreme Court and obtaining a final judgment. No action shall be taken to enforce such a judgment against the Debtor outside the bankruptcy claims process.