108 F.3d 340
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff,
v.
WALKER RIVER IRRIGATION DISTRICT, a corporation; State of
Nevada, Defendants-Appellees.
v.
WALKER RIVER PAIUTE TRIBE, Plaintiff-Intervenor-Appellant.
 No. 96-15885.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 10, 1997.
Decided Feb. 12, 1997.
 
 Before: GOODWIN, LEAVY and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Mineral County, Nevada ("Mineral County" or "the County") appeals the district court's interlocutory order refusing to relieve it from its obligation to serve personally all parties whose interests could be affected by the rights its seeks in an intervention in an action dealing with water rights to the Walker River. We dismiss the appeal for lack of jurisdiction.
 
 
 3
 The Courts of Appeals generally have jurisdiction to review only "final decisions" of the district courts. 28 U.S.C. § 1291. The collateral order doctrine is a "practical construction" of this final decision rule under which certain orders that do not end the litigation on the merits are appealable on an interlocutory basis. See Digital Equip. Corp. v. Desktop Direct, Inc., 511 U.S. 863, ----, 114 S.Ct. 1992, 1995, 128 L.Ed.2d 842 (1994). The doctrine applies only to district court decisions that (1) are conclusive, (2) resolve important questions completely separate from the merits, and (3) would render such important questions effectively unreviewable on appeal from final judgment in the underlying action. Alaska v. United States, 64 F.3d 1352, 1354 (9th Cir.1995) (quoting Digital Equip., 511 U.S. at ----, 114 S.Ct. at 1995-96).
 
 
 4
 The district court's order requiring Mineral County to serve personally all the claimants to the Walker River satisfies none of these requirements. It is not conclusive because it is incomplete--it did not address Mineral County's suggestion that it be permitted to publish notice of its proposed intervention in accordance with Nevada law in lieu of further service of process, probably because the County never made a formal motion for such relief. See Cohen v. Beneficial Loan Corp., 337 U.S. 541, 546, 69 S.Ct. 1221, 1225-26, 93 L.Ed.2d 1528 (1949) ("So long as the matter remains open, unfinished or inconclusive, there may be no intrusion by appeal."). With a properly supported motion for service by publication, the district court very well might grant Mineral County the relief it seeks. Indeed, this case could be a particularly attractive candidate for service by publication at the appropriate time.
 
 
 5
 Nor is the order sufficiently important to warrant immediate review--it is not "weightier than the societal interests advanced by the ordinary operation of final judgment principles." Digital Equip. Corp., 511 U.S. at ----, 114 S.Ct. at 2002. When service of process is complete and whether a plaintiff should be relieved of further service are questions dependent on the facts in a particular case and subject to the discretion of the district court judge. Under these circumstances, immediate review is inappropriate. See In re Kemble, 776 F.2d 802, 806 (9th Cir.1985); Sobol v. Heckler Congressional Comm., 709 F.2d 129, 131 (1st Cir.1983).
 
 
 6
 Finally, the order is not "effectively unreviewable" absent an immediate appeal. It does not "involve[ ] an asserted right the legal and practical value of which would be destroyed if it were not vindicated before trial." Lauro Lines s.r.l. v. Chasser, 490 U.S. 495, 498-99, 109 S.Ct. 1976, 1978, 104 L.Ed.2d 548 (1989) (internal quotation marks omitted). See also Richardson-Merrell, Inc. v. Koller, 472 U.S. 424, 431, 105 S.Ct. 2757, 2761, 86 L.Ed.2d 340 (1985) (the court must determine that absent an immediate appeal, the asserted right would be "irretrievably lost"). That an erroneous ruling may result in additional litigation expense "is not sufficient to set aside the finality requirement [of § 1291]." Id. at 499, 109 S.Ct. at 1978 (quoting Richardson-Merrell, 472 U.S. at 436, 105 S.Ct. at 2764). Further, the expense of personal service is hardly "irretrievably lost" when it can be recovered from any party that refused to waive service without good cause, see Fed.R.Civ.P. 4(d)(2), despite the County's argument that recovering such costs would be "impractical."
 
 
 7
 Mineral County urges this Court to review the district court's order because compliance with the order is sufficiently burdensome to induce the County to abandon its attempted intervention, spelling the end of this action. This argument is premature, given that the district court has yet to rule on whether to permit publication of notice.
 
 
 8
 DISMISSED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3