In re Deborah M. CANTER, aka D. Maristina Canter, Debtor,

Alan Canter; Canter Family Trust, Creditors–Appellants,

v.

Deborah M. Canter, aka D. Maristina Canter, Debtor–Appellee,

and

Edwina E. Dowell, Chapter 13 Trustee, Trustee.

No. 01–56151.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 7, 2002.

Filed Aug. 15, 2002.

Herbert Katz, Kelly Lytton & Vann LLP, Los Angeles, CA, for the creditors-appellants.

Andrew E. Smyth, Los Angeles, CA, for the debtor-appellee.

Before THOMAS and RAWLINSON, Circuit Judges, and ARMSTRONG,* District Judge.

* The Honorable Saundra Brown Armstrong, United States District Judge for the Northern District of California, sitting by designation.

## OPINION

RAWLINSON, Circuit Judge.

Creditors/Appellants Alan ("Alan") and Elizabeth ("Elizabeth") Canter, and the Canter Family Trust ("Canter Trust") appeal the district court's *sua sponte* withdrawal of reference, and its order denying their motion to vacate the stay of the municipal court's judgment in an unlawful detainer action against Debtor/Appellee Deborah M. Canter ("Deborah").

Because the district court erred when it *sua sponte* withdrew the reference to the bankruptcy court without showing cause, and improperly enjoined the enforcement of the municipal court judgment, we vacate the withdrawal of reference and stay order, and remand the matter to the bankruptcy court.

### BACKGROUND

On September 11, 1991, Alan and Elizabeth Canter purchased 446 S. Highland Avenue, Los Angeles, California ("446 S. Highland") as an investment. Alan and Elizabeth's son, Gary Canter ("Gary"), and Gary's wife Deborah resided in Alan and Elizabeth's house from September 25, 1991, until February 24, 1999, when Gary and Deborah separated. Since purchasing the property in 1991, Alan and Elizabeth have been the only persons with legal or equitable title to the property. They transferred title to the Canter Family Trust in 1997.

In Gary and Deborah's divorce proceedings, neither was found to have any ownership interest in the property. When Deborah filed for bankruptcy once in 1992 and twice in 1996, she never claimed an interest in the property, although she listed the property as her residence in both 1996 proceedings. In Deborah's 1999 bankruptcy, she listed the property under schedule A as property in which she had an interest, but did not claim an exemption for it.

When Gary and Deborah separated, Gary moved out of his parents' house. Although Gary consistently paid rent to his father during his residency, Alan has not received a rent payment since shortly after Gary moved out. On August 13, 1999, Alan filed an unlawful detainer action against Deborah, seeking her eviction and $5,000 past due rent. The matter was set for trial on October 26, 1999, but the proceedings were stayed when Deborah filed her Chapter 13 bankruptcy petition twenty-four minutes before trial was to begin. On January 26, 2000, the bankruptcy court lifted the stay at the Canter Trust's request, thereby allowing pursuit of the unlawful detainer action. Alan and Deborah subsequently signed a stipulated judgment providing that Deborah vacate the premises. The municipal court entered a judgment pursuant to the stipulation on February 7, 2000, and ordered that Alan recover possession of the realty from Deborah.

On February 17, 2000, the district court withdrew the reference to the bankruptcy court, and on February 29, 2000, stayed enforcement of the municipal court's judgment. The district court twice denied the Canter Trust's motion to lift the stay. When the Canter Trust inquired why the stay was reinstated, the district court's only explanation was, "because I said it." The district court also denied the Canter Trust's motion to vacate the stay of the judgment. Alan, Elizabeth, and the Canter Trust filed a timely appeal of the district court's *sua sponte* withdrawal of reference and subsequent denial of the motions to lift the automatic stay or vacate the order staying enforcement of the municipal court judgment.

### DISCUSSION

#### A. Jurisdiction

As a threshold matter, we must determine whether we have jurisdiction over

this appeal. *Webb v. Ada County*, 285 F.3d 829, 835 (9th Cir.2002). We have previously held that "we do not have jurisdiction over interlocutory appeals from orders withdrawing reference of cases to the bankruptcy court." *Packerland Packing Co. v. Griffith Brokerage Co. (In re Kemble)*, 776 F.2d 802, 806 (9th Cir.1985); *Abney v. Kissel Co. (In re Kissel Co.)*, 105 F.3d 1324, 1325 (9th Cir.1997). Although we have not addressed jurisdiction over appeals from a *sua sponte* order withdrawing reference, the Third Circuit has defined such an order as "interlocutory and unreviewable under § 1291." *In re Pruitt; Landmark Sav. Ass'n (In re Pruitt)*, 910 F.2d 1160, 1166 (3d Cir.1990). In its ruling, the Third Circuit reasoned that the *sua sponte* withdrawal "merely determine[d] the forum in which a final decision on the merits will be reached." *Id.*

We see no logical basis for distinguishing between withdrawal of reference at the request of a party and *sua sponte* withdrawal of reference. Accordingly, we follow the holding of the Third Circuit and conclude that a *sua sponte* order withdrawing reference to the bankruptcy court is interlocutory and unreviewable under 28 U.S.C. § 1291.

However, *In re Kemble*, 776 F.2d at 806 n. 5, presciently noted the availability of a writ of mandamus to review the otherwise unreviewable order withdrawing reference to the bankruptcy judge. The Third Circuit expressly applied this notion to review a *sua sponte* withdrawal of reference. *In re Pruitt*, 910 F.2d at 1167. We are persuaded that appellate review of the district court's *sua sponte* withdrawal of reference is consistent with "the traditional use of the writ ... to confine an inferior court to a lawful exercise of its prescribed jurisdiction...." *Id.* (citation, internal quotation marks and alterations omitted). Accordingly, we grant Appellants' alternative request to treat their appeal as a petition

for a writ of mandamus, over which we have jurisdiction. *See id.*

## B. Appropriateness of Mandamus Relief

We apply the following five-factor test to determine whether the exercise of mandamus jurisdiction is proper:

(1) The party seeking the writ has no other adequate means, such as a direct appeal, to attain the relief he or she desires.

(2) The petitioner will be damaged or prejudiced in a way not correctable on appeal....

(3) The district court's order is clearly erroneous as a matter of law.

(4) The district court's order is an oft-repeated error, or manifests a persistent disregard of the federal rules.

(5) The district court's order raises new and important problems, or issues of law of first impression.

*DeGeorge v. United States Dist. Ct. for the Cent. Dist. of Cal.*, 219 F.3d 930, 934 (9th Cir.2000) (quoting *Bauman v. United States Dist. Ct.*, 557 F.2d 650, 654–55 (9th Cir.1977)). We have acknowledged that the application of these factors is "by no means precise," *United States v. Amlani*, 169 F.3d 1189, 1194 (9th Cir.1999), and the "factors should be weighed together based on the facts of the individual case." *SG Cowen Sec. Corp. v. United States Dist. Ct. for the N. Dist. of Cal.*, 189 F.3d 909, 913 (9th Cir.1999).

Application of the *Bauman* factors in this case favors granting the writ. Appellants have no other adequate means of obtaining the relief desired. They may not directly appeal the withdrawal of reference because "we do not have jurisdiction over interlocutory appeals from orders withdrawing reference of cases to the bankruptcy court." *In re Kemble*, 776

F.2d at 806; *see In re Kissel Co.*, 105 F.3d at 1325. Appellants therefore satisfy the first *Bauman* factor. *See SG Cowen*, 189 F.3d at 914.

Appellants "will be damaged [and] prejudiced in a way not correctable on appeal." *DeGeorge*, 219 F.3d at 934. This factor is "closely related to the preceding one." *Id.* at 935. Because the first two factors are closely related, and our case law precludes Appellants' direct appeal of the *sua sponte* withdrawal, the damage and prejudice Appellants have suffered thus far cannot be corrected on direct appeal. *See id.* The withdrawal occurred over two years ago, and Appellants sit in limbo despite two attempts to lift the stay on the enforcement of the unlawful detainer order. With the enforcement of the judgment stayed, Deborah continues to reside in the property at 446 S. Highland without making any rental payments, and Appellants are denied beneficial use of the property. Because Appellants' ability to bring a direct appeal is actually limited, and the type of damage and prejudice are relevant in determining mandamus relief, the second *Bauman* factor weighs in favor of Appellants. *See id.*

■ The district court clearly erred in withdrawing the reference. The Bankruptcy Code provides that the district court may withdraw the reference of a bankruptcy case on its own motion for cause shown. 28 U.S.C. § 157(d) (Supp. V 1987). However, the district court failed to articulate any cause for its withdrawal of reference in this case.

We have considered the following factors in determining whether cause exists under § 157(d): "the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *Security Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen, & Helpers*, 124 F.3d 999, 1008 (9th Cir.1997) (citing *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993)).

The district court's withdrawal of reference in this case was an inefficient allocation of judicial resources, especially because the bankruptcy court was more familiar with the facts and issues of the case, and had already lifted the stay to allow the unlawful detainer proceedings to continue.

Rather than enhancing efficiency, the district court's action created inefficiency, engendering a series of nonproductive motions and hearings. The district court's action also negatively impacted bankruptcy administration by needlessly disrupting the bankruptcy court's seamless processing of the case. The district court's withdrawal of reference effectively "derailed the [bankruptcy] process provided by statute." *Powelson v. More (In re Powelson)*, 878 F.2d 976, 982 (7th Cir.1989).

The district court's withdrawal also resulted in great delay and costs to the Appellants, implicating another "cause" factor. *See Security Farms*, 124 F.3d at 1008. Deborah has occupied the property rent-free for almost three years, resulting in a $35,000 loss of rental income. Finally, the district court's action encouraged forum shopping by essentially reversing the bankruptcy court's prior determinations.

Consideration of the factors we have previously applied to determine good cause for withdrawal all weigh against the district court's action, and support the conclusion that the district court clearly erred. This conclusion in turn weighs in favor of granting the writ.

Although the district court's *sua sponte* withdrawal does not appear to be an "oft-repeated error," it nevertheless "manifests a persistent disregard of the federal rules" in this case. *DeGeorge*, 219 F.3d at 934. Despite repeated requests to reconsider its

ill-advised *sua sponte* withdrawal, the district court perpetuated its excursion outside the confines of its lawful jurisdiction. The fourth *Bauman* factor favors granting the writ.

Finally, the district court's *sua sponte* withdrawal raises "issues of law of first impression." *Id.* In this case we are called upon to apply, for the first time in this circuit, a writ of mandamus to support appellate review of an otherwise interlocutory, unappealable order. Accordingly, this fifth and final factor supports granting the writ. In fact, this case presents the rare circumstance where all the *Bauman* factors favor granting the writ of mandamus.

## C. District Court's Stay Order

In staying enforcement of the municipal court judgment, the district court was acting pursuant to its powers under 11 U.S.C. § 105(a).[1] Section 105(a) authorizes the district court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [Title 11]." *Walls v. Wells Fargo Bank, N.A.,* 276 F.3d 502, 506 (9th Cir. 2002). Section 105(a) "contemplates injunctive relief in precisely those instances where parties are pursuing actions pending in other courts that threaten the integrity of a bankrupt's estate." *In re Baptist Med. Ctr. of N.Y.,* 80 B.R. 637, 641 (Bankr. E.D.N.Y.1987) (citations and internal quotation marks omitted).

We may hear appeals from interlocutory orders of the district court which grant, continue, modify, refuse, or dissolve injunctions. 28 U.S.C. § 1292(a)(1). An order "regarding preliminary injunctive relief is subject to limited review," and "will be reversed only where the district court abused its discretion or based its decision on an erroneous legal standard or clearly erroneous findings of fact." *United States v. Gila Valley Irrigation Dist.,* 31 F.3d 1428, 1442 (9th Cir.1994).

Federal Rule of Civil Procedure 65(a)(1) authorizes the issuance of an injunction upon notice to the adverse party. Although the district court had the power under § 105 to issue an injunction against enforcement of the municipal court judgment, it abused its discretion when it withdrew the reference to bankruptcy court without cause, and imposed an injunction without regard to the requirements of Rule 65(a)(1). "[O]ne basic principle built into Rule 65 is that those against whom an injunction is issued should receive fair and precisely drawn notice of what the injunction actually prohibits." *Union Pac. R.R. Co. v. Mower,* 219 F.3d 1069, 1077 (9th Cir.2000) (citations and internal quotation marks omitted); *see also Weitzman v. Stein,* 897 F.2d 653, 657 (2d Cir.1990) (acknowledging that notice requirements of Rule 65(a) are applicable to district court's *sua sponte* injunction).

## CONCLUSION

We have jurisdiction to review the district court's *sua sponte* withdrawal of reference based on our construction of this appeal as a petition for a writ of mandamus. The district court's reference was

---

1. The district court could not have been activating an automatic stay. The automatic stay is "self-executing, effective upon the filing of the bankruptcy petition." *In re Gruntz,* 202 F.3d 1074, 1081 (9th Cir.2000); *see* 11 U.S.C. § 362(a). Because the stay under § 362 is "automatic" and "self-executing" only upon the filing of a bankruptcy petition, no authority exists for "reinstating" an automatic stay that has been lifted. We have expressly recognized that "the bankruptcy automatic stay is differentiated from a bankruptcy court-ordered injunction, which issues under 11 U.S.C. § 105." *Andreiu v. Reno,* 223 F.3d 1111, 1121 n. 4 (9th Cir.2000).

withdrawn without the requisite showing of cause, and application of the *Bauman* factors favors issuance of a writ of mandamus. *See In re Pruitt,* 910 F.2d at 1168–69. Also, the district court abused its discretion when it issued an injunction pursuant to § 105(a), because it failed to provide notice as required under Rule 65(a)(1). *See Mower,* 219 F.3d at 1077. Accordingly, we VACATE the order withdrawing reference of this case to the bankruptcy court and the accompanying order staying the enforcement of the municipal court judgment. We REMAND this matter to the bankruptcy court for further proceedings consistent with this opinion.[2] Appellants are awarded costs of appeal.

VACATED AND REMANDED.

---

2. In light of our rulings on the district court's abuse of discretion in withdrawing reference to the bankruptcy court and imposing an injunction, we need not address Appellants' argument that the district court erred in refusing to lift the stay. We also need not address the question of whether the district court was required to provide notice and a hearing before with-drawing reference *sua sponte.*