**In re Pedro FLORES and Adelina Flores, Debtors.**

**No. 02–15344–B–13.**

United States Bankruptcy Court,
E.D. California,
Fresno Division.

May 16, 2003.

Richard J. Bauer, Jr., Costa Mesa, CA, for Washington Mutual Home Loans, Inc.

Vincent V. Frounjian, Encino, CA, for TranSouth Financial Corp.

Scott Lyons, Visalia, CA, for Pedro and Adelina Flores.

## ORDER DENYING APPROVAL OF STIPULATION TO VACATE ORDER TERMINATING THE AUTOMATIC STAY

W. RICHARD LEE, Bankruptcy Judge.

This order is entered in response to a stipulation and proposed order submitted to this court on May 8, 2003, entitled Stipulation Vacating Order Terminating the Automatic Stay and Reinstating the Adequate Protection Order (the "Stipulation") submitted by secured creditor Washington Mutual Home Loans, Inc. ("Secured Creditor") and approved by the Debtors through their attorney. The court has stricken the "order" portion of the Stipulation and directed that the remainder of the Stipulation be filed herewith. For the reasons set forth below, the court declines to approve the Stipulation.

### Background.

This bankruptcy was filed as a voluntary Chapter 13 on June 11, 2002. The Debtors' Chapter 13 plan was confirmed on November 6, 2002 (the "Plan"). The Plan provides that the Debtors will cure their prepetition mortgage arrearage to Secured Creditor through the Plan. 11 U.S.C. § 1322(c)(1). However, the postpetition mortgage payments cannot be modified and must be paid according to the terms of the loan and security documents. 11 U.S.C. § 1322(b)(2).

On December 10, 2002, Secured Creditor moved for relief from the automatic stay on the grounds that the Debtors failed to make their postpetition mortgage payments. At the hearing, the Secured Creditor informed the court that the matter had been resolved by stipulation of the parties. Thereafter, the Secured Creditor submitted a stipulation for entry of an adequate protection order ("APO") which the court approved on January 21, 2003. The APO required the Debtors to cure the postpetition default, to pay Secured Creditor's reasonable attorney's fees, and to maintain current mortgage payments thereafter. The APO further provided for the submission of an ex parte motion for relief from stay if the Debtors failed to cure a default under the APO within ten days. Secured Creditor submitted an ex parte motion for relief on April 18, 2003, alleging that the Debtors had failed to comply with the APO. The Debtors did not respond to the motion and the court terminated the automatic stay, pursuant to the APO, on April 25, 2003 (the "Stay Relief Order").

The Stay Relief Order "unconditionally" terminated the automatic stay to allow Secured Creditor to enforce its remedies against the Debtors' residential real property as more particularly described therein (the "Property"). The Stipulation seeks to vacate the Stay Relief Order. The Stipulation also seeks to reinstate the terms of the APO.

*Analysis.*

■ The automatic stay was terminated *at the Secured Creditor's request,* for cause. Secured Creditor's ex parte motion for relief from stay was properly noticed and it was not opposed. The Stay Relief Order is now final and nonappealable. The Stipulation was filed without a motion or application as required by Fed.R.Bankr. Proc. 9013 and without any supporting evidence. To the extent that the parties seek to vacate the Stay Relief Order, the Stipulation does not show that the automatic stay was terminated as a result of fraud, mistake, inadvertence, or excusable neglect, nor does it set forth any other grounds for relief from the Stay Relief Order under Fed.R.Civ.Proc. 60(b) (made applicable to this matter by Fed.R.Bankr. Proc. 9024). To the extent that the parties seek to simply reinstate the automatic stay, the Ninth Circuit has recently observed that the automatic stay is "automatic" and "self-executing" only upon the filing of the bankruptcy petition and that "no authority exists for 'reinstating' an automatic stay that has been lifted." *Canter v. Canter (In re Canter),* 299 F.3d 1150, 1155 n. 1 (9th Cir.2002).

The Stipulation recites that the postpetition default has been cured by the tender of seven money orders on April 30, 2003 five days after the Stay Relief Order was entered. The Stipulation further contemplates that the Secured Creditor may reapply for stay relief if the Debtors do not provide proof that one additional postpetition mortgage payment was actually negotiated by Secured Creditor. The automatic stay having been terminated, it now appears that the Secured Creditor does not really want to enforce its remedies against the Property. Secured Creditor is simply using the resources of this court, and the automatic stay provisions of the Bankruptcy Code, as a collection device.

■ Whatever settlement the Debtors and the Secured Creditor have worked out in conjunction with the Stipulation should have been worked out before the Secured Creditor requested relief from the automatic stay. The automatic stay now having been terminated, the parties are free to negotiate whatever *out of court* agreement they desire to avoid a foreclosure, so long as that agreement does not run afoul of the Debtors' Chapter 13 Plan. The Plan is still binding on the parties with regard to payment of the prepetition default. 11 U.S.C. § 1327(a). They do not need the automatic stay in place to enter into a private forbearance agreement to cure the postpetition default and maintain postpetition payments. Accordingly,

IT IS HEREBY ORDERED, that in the absence of any grounds to vacate the Stay Relief Order under Fed.R.Civ.Proc. 60(b), the parties' request for approval of the above-referenced Stipulation is denied.