### In re BANCO LATINO INTERNATIONAL, Debtor.

#### No. 94–10202–BKC–AJC.

United States Bankruptcy Court, S.D. Florida.

May 5, 2004.

Mindy Mora, Bilzen Sumberg, Miami, FL, for debtor.

Peter W. Bonner, Andrew R. Herron, Homer, Bonner & Delgado, P.A., Miami, FL, for creditor.

Rudy Pittaluga, David Softness, Holland & Knight, L.L.P., James M. Miller, Akerman, Senterfit & Eidson, P.A., Miami, FL, former counsel to debtor.

## ORDER DENYING CREDITOR GUSTA-VO A. GOMEZ LOPEZ'S MOTION FOR SANCTIONS PURSUANT TO RULE 11 AND 28 U.S.C. § 1927

A. JAY CRISTOL, Bankruptcy Judge.

**THIS CAUSE** came on before the Court on Wednesday, July 30, 2003, at 3:00 p.m., on the Motion of Creditor Gustavo A. Gomez Lopez ("Gomez Lopez"), seeking the imposition of sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927 against Debtor Banco Latino International ("BLI" or "Debtor"), the law firm of Akerman Senterfitt and attorneys Rodolfo Pittaluga, Jr. and David Softness (collectively, the "Respondents"). The Court having considered the Motion for Sanctions, the Response to the Motion for Sanctions, together with all the attachments to all of the foregoing as well as the entire record in this proceeding, and the Court having heard the arguments of counsel at hearing on the Motion for Sanc-

tions, and being otherwise fully advised, the Court finds and determines as follows:

### FINDINGS OF FACT

1. The Motion for Sanctions stems from BLI's attempted appeal of the Court's January 23, 2003 "Order Granting in Part Motions for Allowance and Payment of Indemnification Claims" (the "Indemnification Order").

2. On January 31, 2003, Respondents filed a notice of appeal of the Indemnification Order to the United States District Court for the Southern District of Florida, Case No. 03–CV–20584–Ungaro–Benages. Gomez Lopez's counsel thereafter sent several letters to counsel for the Debtor demanding the Debtor dismiss the appeal as having been prematurely filed. When Lopez's counsel's letters were met with silence, Gomez Lopez filed a Motion to Dismiss Appeal for Lack of Subject Matter Jurisdiction and a Motion for Sanctions in the District Court. Respondents filed responses to both Motions in the District Court.

3. On April 25, 2003, the District Court entered its "Order Granting Appellee Gustavo A. Gomez Lopez's Motion to Dismiss Appeal for Lack of Subject Matter Jurisdiction and Denying Without Prejudice Motion for Sanctions." Although the District Court noted there is no controlling precedent in the Eleventh Circuit, it nonetheless dismissed the appeal, holding that the Order appealed was not a final order. Dist. Ct. Order at 2. The District Court also denied Gomez Lopez's Motion for Sanctions without prejudice, stating that a Motion for Sanctions "may be re-filed in the Bankruptcy Court at Appellee's discretion." Dist. Ct. Order at 4.

4. Gomez Lopez filed the instant motion for sanctions on May 27, 2003. The Debtor and its counsel filed written responses on July 29, 2003. At the hearing

held July 30, 2003, the Court heard the proffers and representations of the parties and took the matter under advisement. The Court requested the parties submit post-hearing briefs and/or proposed orders in support of their respective positions on or before August 28, 2003. In January 2004, while the matter was under advisement, Debtor's newly substituted counsel sought leave to file a supplemental post-hearing brief. The brief was filed on January 22, 2004 and the Court has considered same in reaching its conclusions.

## CONCLUSIONS OF LAW

■ 5. Gomez Lopez has moved for sanctions against Respondents pursuant to Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927. Rule 11 sanctions are proper "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading for an improper purpose." *Jones v. International Riding Helmets, Ltd.*, 49 F.3d 692, 694 (11th Cir.1995). Sanctions are warranted under 28 U.S.C. § 1927 when "[a]ny attorney ... multiplies the proceedings in any case unreasonably and vexatiously ...." Section 1927 obligates attorneys "to avoid dilatory tactics throughout the entire litigation." *Byrne v. Nezhat*, 261 F.3d 1075, 1106 (11th Cir.2001). As Section 1927 is penal in nature, this Court must strictly construe its provisions. *See Peterson v. BMI Refractories*, 124 F.3d 1386, 1395 (11th Cir.1997). Pursuant to the plain language of Section 1927, any sanctions under this statutory provision can only be awarded against attorneys, and not against BLI. Moreover, as the Debtor and its counsel point out, "Rule 11 does not permit sanctioning a client ... when the basis for the sanction is that the pleading was legally frivolous." *Byrne*, 261 F.3d at 1118; Fed. R.Civ.P. 11(c)(2)(A).

6. Gomez Lopez seeks sanctions against Respondents "for attempting the jurisdictionally improper interlocutory appeal of this Court's non-final Order ...." Mot. at 1. Gomez Lopez argues that Respondents had no reasonable legal basis to believe they could appeal the Indemnification Order prior to the bankruptcy court's determination of the amount of indemnification to be awarded. Gomez Lopez further argues that Respondents have unreasonably and vexatiously multiplied the proceedings in this case.

■ 7. The Court finds that Gomez Lopez's Motion for Sanctions fails to demonstrate that the requisite statutory grounds exist to hold the Respondents liable for sanctions. First, the Court does not believe BLI is liable for sanctions under any of the provisions set forth in the Motion for Sanctions. Section 1927 of title 28, United States Code, is not applicable and Rule 11 sanctions are unwarranted. For sanctions to be applied against a represented party under Rule 11, the party must have "had some direct personal involvement in the management of the litigation and/or the decisions that resulted in the actions which the court finds improper under Rule 11." *Independent Fire Ins. Co. v. Lea*, 979 F.2d 377, 379 (5th Cir. 1992). As the Eleventh Circuit explained in *Byrne*, sanctions may be levied against a represented party pursuant to Rule 11 "when he misrepresents facts in the pleadings," or "when it is clear that he is the 'mastermind' behind the frivolous case." 261 F.3d at 1118. However, represented parties may not be sanctioned for legal decisions made by their attorneys. *Byrne*, 261 F.3d at 1118.

■ In this case, the Notice of Appeal of the Indemnification Order did not de-

pend upon false facts provided by BLI to its attorneys. Nor does it appear that BLI directed the filing of the Notice of Appeal to multiply these proceedings improperly. As the Respondents represented, the Notice of Appeal was filed because the Eleventh Circuit law is unclear as to whether the Respondents would have lost or waived their right to appeal the Indemnification Order if they waited until the time the Court entered an order determining the amount of indemnification.

8. As the District Court noted, "there is no controlling precedent in the Eleventh Circuit" regarding whether this Court's Order was final for appellate purposes. Although the District Court ultimately dismissed the appeal because it determined the Order at issue was not final, Gomez Lopez has failed to show that Debtor's counsel's decision to file a Notice of Appeal of the Indemnification Order is sanctionable under Rule 11 or 28 U.S.C. § 1927. The Supreme Court itself has recognized the problem of determining whether a judgment, decree or decision is final for the purposes of the final judgment rule, holding, "[n]o verbal formula yet devised can explain prior finality decisions with unerring accuracy or provide an utterly reliable guide for the future." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 170, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974); *accord Packerland Packing Co., Inc. v. Griffith Brokerage Co.*, 776 F.2d 802, 805 (9th Cir.1985) ("What orders are final for purposes of [section 1291] is not always clear.")."

9. This Court concludes that Respondents' reasons for filing the Notice of Appeal are credible and reasonable, and did not unreasonably and vexatiously multiply the proceedings in this case. Contrary to the movant's assertions, the Respondents' conduct [in filing a Notice of Appeal and attempting to pursue same in the District Court] does not amount to the persistence in a frivolous position. The District Court could have considered exercising its discretion under FRBP 8003(c) to deem the notice of appeal a motion for leave to appeal an interlocutory order. The District Court chose not to do so, but that does not necessarily lead this Court to believe that the filing of the Notice unreasonably or vexatiously multiplied the proceedings in this case.

10. Respondents' decision to file a Notice of Appeal, when faced with both unclear precedent from the Eleventh Circuit Court of Appeals on this issue and the need to protect BLI's legal rights on appeal, was reasonable and well-taken and does not violate Rule 11 or 28 U.S.C. § 1927.

Thus, relying on the Respondents' argument at the hearing, and for the reasons stated herein, it is

**ORDERED AND ADJUDGED** that the Motion for Sanctions is DENIED.